Barton *v.* Beatty.

CHARLES R. BARTON

*v.*

SAMUEL G. BEATTY.

1. A question of legal title will not be tried on an application for a writ of assistance, nor will it be awarded in a case of doubt.

2. A purchaser who, by his conduct subsequent to his purchase, leaves it doubtful whether he has not given the person in possession a right to hold the land, is not entitled to a writ of assistance.

On petition for writ of assistance, and affidavits.

*Mr. Henry S. Harris*, for petitioner.

*Mr. J. M. Robeson*, for respondent.

THE VICE-CHANCELLOR.

The exercise of the power of putting a purchaser in possession of land sold under the decree of this court, rests in the discretion of the court. It will never be exercised in a case of doubt, nor under color of its exercise will a question of legal title be tried or decided. *Schenck* v. *Conover*, 2 *Beas.* 227; *Van Meter* v. *Borden*, 10 *C. E. Gr.* 414. The court will not in this summary way settle contested legal rights. *Thomas* v. *DeBaum.* 1 *McCart.* 41. A writ of assistance is

awarded in execution of a final decree. Having decreed a sale and conveyance of land, it is necessary, in order to give the purchaser the full benefit of his purchase, to put him in possession. This the court will do as a full enforcement of its judgment and as incident to the relief given by its decree. But if, subsequent to the sale, the purchaser confers new rights on the person in possession, or his conduct leaves it doubtful whether he has not given the person in possession a right to hold the land, such fact takes away the power of this court to deliver possession. In such a case the question would be, Has the person in possession a right to hold the land by matter arising subsequent to the sale? and not, Is a writ of assistance necessary to the complete enforcement of the decree? That question must be tried in another tribunal.

In this case the person in possession puts in evidence certain facts tending to show the creation of a tenancy at will, subsequent to the sale; the petitioner attempts to meet the case thus made, by showing that no tenancy of any kind was created; perhaps the evidence of each, standing alone, is sufficient to make out a *prima facie* case. It is obvious at a glance that the question thus raised is one not proper to be tried in this court. The application must therefore be denied, but there is nothing in the respondent's case which will justify the allowance of costs to him.