HENRY C. HAYWARD v. AMOS A. KINNEY AND LUCINDA
M. KINNEY, IMPLEADED WITH FRANCIS H. STRONG
AND GEORGIA A. HAYWARD.

*Mortgage — Foreclosure bill — Parties—Laches —Life-estate— Condition subsequent.*

1. A purchaser of mortgaged premises at an execution sale is a proper party defendant in a suit for the foreclosure of the mortgage.

2. There is no reason for making the holder of a tax title on mortgaged premises a defendant in a suit for the foreclosure of the mortgage, and where the complainant fails to show any other claim on his part the bill will be dismissed, with costs, as to such a defendant.

3. Where in a foreclosure suit a defendant, in addition to claiming rights in the mortgaged premises as a subsequent purchaser at an execution sale, claims under tax titles, which cannot be litigated in said suit, no writ of assistance will be awarded to put him out of possession of the mortgaged premises.

4. A condition following the grant of a life-estate in land, prohibiting its conveyance by the grantee, is held in this case to be a condition subsequent, if effectual for any purpose, and to defeat the estate to which it is annexed only at the election of him who has a right to enforce it.

5. Twelve years, six months, and ten days after the maturity of a mortgage the owner commenced foreclosure proceedings ·by advertisement, under which he received a sheriff's deed, and in default of redemption brought ejectment to recover possession of the mortgaged premises, and recovered a judgment. After a new trial was granted, he *for the first time* discovered that the mortgage contained no power of sale, whereupon he sought to discontinue the suit, but the court allowed it to be prosecuted in the interest of certain beneficiaries under the mortgage, who discontinued it six months and twelve days prior to the expiration of twenty years from the maturity of the mortgage debt, and three months and eight days after such discontinuance the owner filed a bill to foreclose the mortgage, in which he alleged the foregoing facts, which are held sufficient to excuse the delay in commencing such foreclosure suit.

Appeal from Lenawee.    (Loveridge, J., presiding.)
Argued January 14, 1891.   Decided February 27, 1891.

Bill to foreclose a mortgage.   Defendants Kinney appeal.
Bill dismissed as to defendant Lucinda M. Kinney, with
costs, and decree affirmed as to defendant Amos A. Kin-
ney, but no writ of assistance to be awarded to put him
out of possession of the mortgaged premises, which he
claims by a paramount title.   The facts are stated in the
opinion.

*D. B. Morgan* and *J. F. Welch,* for complainant.
*Millard, Wood & Bird,* for appellants.

CHAMPLIN, C. J.    The bill in this case was filed to
foreclose a mortgage executed by Francis H. Strong and
Georgia A. Strong, his wife, to Israel Hall on November
10, 1866, to secure to the said Israel Hall the payment
of the sum of $1,500 mentioned in a promissory note of
even date with the mortgage, with annual interest
thereon.[1]    This mortgage was duly acknowledged, and
recorded in the office of the register of deeds for the
county of Lenawee on November 16, 1866, and purported
to sell and convey unto Israel Hall, as the party of the
second part, the S. W ¼ of the S. E. ¼ of section 21,
township 8 S., range 2 E., Michigan.

The bill of complaint sets forth that on or about Feb-
ruary 23, 1882, Israel Hall assigned said mortgage to the
complainant in this suit for the use and benefit of
Zackra E. Strong and Olive May Strong, children of the
said Georgia A. Strong, one of the mortgagors men-
tioned in said mortgage, together with the note and all
moneys then due and the interest that might thereafter
grow due on said note and mortgage, which assignment

---

[1] The note matured November 10, 1869.

was duly acknowledged on February 23, 1882, and was recorded on the 25th of that month.

The bill further states that on June 18, 1866, the said Francis H. Strong, one of the parties of the first part in the said indenture of mortgage, and Joseph T. Strong, Chester W. Strong, and Gertrude J. Cole were the owners in fee and tenants in common of the said premises, and on the date last mentioned Joseph T. Strong and his wife, Chester W. Strong, and Gertrude J. Cole, for the consideration of $1,000, executed and delivered to Francis H. Strong a certain quitclaim deed, thereby granting and selling unto the said Francis H. Strong all their right, title, and interest in and to the said premises, to have and to hold the said premises with the appurtenances unto the said Francis H. Strong, the party of the second part in said deed mentioned, during his natural life-time, and his heirs and assigns of his heirs, forever, but not to be conveyed during the life-time of the said Francis H. Strong; that this deed was duly acknowledged on June 18, 1866, by the grantors, and was recorded on July 2, 1866, in the office of the register of deeds of said county of Lenawee.

The complainant further states that the said indenture of mortgage before mentioned, executed by the said Francis H. Strong and Georgia A. Strong, his wife, to the said Israel Hall, was given upon and intended to cover all the right, title, and interest of the said Francis H. Strong and Georgia A. Strong in and to the said premises described therein; that said Zackra E. and Olive May Strong, in the said assignment of mortgage mentioned, are the sole and only issue of the said Francis H. Strong and Georgia A. Strong; that both are living, and are under the age of 21; that about January 1, 1878, said Francis H. Strong left and abandoned his children with-

out providing them any means whatever for their education, support, or maintenance, and has ever since persisted in so deserting them, and has wholly neglected and refused to provide anything whatever for them; that the said mortgage was assigned to the complainant by the said Israel Hall for the use and benefit of said children, in order that the complainant might collect the same and apply the proceeds thereof for their use and benefit; and that the same was and is the only means from which support can be provided for them.

The complainant further sets out that this mortgage so assigned to him contained no power of sale, as required by the laws of the State, to authorize its foreclosure by advertisement, and that the complainant, being entirely mistaken and misled by ignorance of this fact, on May 20, 1882, commenced proceedings to foreclose the mortgage by advertisement, prosecuted the same to sale, and became the purchaser thereat, and received the sheriff's deed therefor; that the deed so received was acknowledged on August 28, 1882, and recorded on August 29 in the office of the register of deeds of Lenawee county; and that he supposed that the proceedings to foreclose said mortgage by advertisement were regular, valid, and binding in law. Complainant also states that on December 7, 1883, said Georgia A. Strong, by the name of Georgia A. Hayward (she having in the mean time married the complainant), in order to protect her children as the beneficiaries under said mortgage, executed a quitclaim deed of the premises to the complainant in trust for the use and benefit of said children; that said deed was duly acknowledged, and was afterwards recorded on November 14, 1884, in the office of the register of deeds of Lenawee county. The bill also sets out that previous to the execution of said deed by Georgia A. Hayward she had

acquired a tax title upon said premises by deed from Charles M. Croswell, who had obtained the Auditor General's deed for the taxes of 1867; but it further states that such deed, on account of errors in the assessment of said taxes of 1867, was absolutely void, and that no title whatever in and to said lands by virtue of said deed vested in the said Georgia A. Strong, now Hayward.

Complainant further states that the mortgaged premises had not been redeemed from the sale, and he, still being mistaken and utterly ignorant of the fact that the mortgage contained no power of sale, and honestly believing the foreclosure proceedings valid, brought ejectment to obtain possession of the land in the circuit court for the county of Lenawee against the defendants Amos A. Kinney and Andrew Church and Charles Church, who were then in the possession of the premises, holding the same adversely to the complainant under claim of title; that issue was framed in said suit, and recovery had in favor of the plaintiff therein; that, before the time fixed by the statute had expired, a new trial of the cause was obtained by the defendants, and he, having then discovered the fact that the mortgage did not contain a power of sale, ordered the ejectment suit to be discontinued; that the court refused to do so, for the reason that the beneficiaries of the mortgage appeared by another attorney, and asked leave to prosecute the suit, and that the suit resulted in a verdict and judgment for the complainant; that for some season, which the complainant does not explain, the suit was finally discontinued before the commencement of this suit to foreclose the mortgage[1]. The complainant further expressly charges that up to the time he withdrew from said cause he prosecuted said ejectment suit in utter ignorance of the mistake as to his title to the mortgaged

---

[1] This suit was commenced February 23, 1884, and discontinued April 29, 1889.

premises for the recovery of which said ejectment suit was instituted, and that he honestly believed that his title to said mortgaged premises was perfect to the extent of the right, title, and interest of said Francis H. Strong and Georgia A. Strong therein, and that, had he not been misled in respect to said title, he would have foreclosed said mortgage in equity before the expiration of 15 years from the time the same became due.

Complainant further states that Francis H. Strong, one of the mortgagors, is not a resident of this State, and has not been for 11 years last past, and that he is credibly informed, believes, and charges that the said Strong is financially irresponsible, and has been ever since said note became due, and that the amount due to the complainant upon said note and mortgage, as trustee of said minor children, will be wholly lost as to said children unless the same is realized by the sale of the mortgaged premises by foreclosure; that the note which was delivered at the time the mortgage was executed was payable on November 10, 1869, and that there is now due and unpaid upon said note and mortgage the sum of $3,860, and that no proceedings at law have been had to recover the debt, or any part thereof, except as before stated.

Complainant further states that from an examination of the records of deeds and mortgages in the office of the register of deeds in the county of Lenawee it appears that Amos A. Kinney and Lucinda Kinney have, or claim to have, rights and interests in the premises described in said indenture of mortgage, or in some part or parts thereof, as subsequent purchasers, incumbrancers, or otherwise. The bill prays for a foreclosure of the mortgage in the usual form.

The defendants Amos A. Kinney and Lucinda Kinney demurred to the bill for want of equity, and for the reason that the bill had not been exhibited within 15

years from the time the note and mortgage became due and payable, which demurrer was overruled, and thereupon they answered, admitting the execution and delivery of said note to Israel Hall, and the execution, acknowledgment, and recording of the assignment as stated in the bill, but neither admitting nor denying the execution and delivery of the mortgage therein referred to. They admit that the whole amount of said note according to its terms, is due and unpaid, and that proceedings were had to foreclose the mortgage by advertisement, as stated in the bill, and that such proceedings were void for the reasons stated in the bill. They admit also the commencement of the suit in ejectment, and the proceedings thereon, as stated in the bill, and the discontinuance of the suit. They admit that they have, and claim to have, rights and interests in the premises, and that such rights and interests were acquired by them subsequent to the date of said mortgage.

They aver that the defendant Amos A. Kinney has acquired all the right, title, and interest of the said Francis H. Strong under and by virtue of a sheriff's sale and deed under a judgment and execution against said Francis in a suit in the circuit court for the county of Lenawee, and also several tax titles under deeds made by the Auditor General of said State on sales of said premises, made pursuant to law, for delinquent taxes; and that the defendant Lucinda Kinney has also purchased the premises under a tax sale made by the Auditor General of the State for delinquent taxes, pursuant to law, and received a deed therefor. The answer is also coupled with a demurrer, based upon the ground that the bill was not filed within 15 years after the mortgage became due and payable, and that no payment had been made

thereon.   A general and special replication was filed to
the answer of Amos A. and Lucinda Kinney.

The defendant Georgia A. Hayward answered, admit-
ting the execution of the mortgage by herself and Francis
H. Strong as charged in said bill of complaint, and the
assignment thereof, and that no part of the mortgage has
been paid, and that the sum stated in the bill was due
as therein charged; and also admitting all other material
facts charged in said bill.

Proofs were taken in open court before the Hon.
Noah P. Loveridge, from which it appeared that Ralph
P. Strong was at the time of his death the owner of the
premises; that he died in the fall of 1864, leaving as his
heirs at law four children, namely, Joseph T., Francis H.,
Chester, and Gertrude Strong, who was married to a man
by the name of Cole.   It was also proven that the widow
of Ralph P. Strong is dead.   The defendants Amos A.
and Lucinda Kinney introduced in evidence several tax
deeds of the premises, against the objection of the com-
plainant's solicitor, and also the proceedings under the
attachment suit set up in his answer.   The circuit court
entered a decree in favor of the complainant for the fore-
closure and sale of the mortgaged premises.

Since the decree of the court below, the decision in the
case of *McKisson v. Davenport*, 83 Mich. 211, having been
brought to the attention of the solicitors for the defend-
ants Kinney, they waive the position taken by them that
the statute referred to in that decision applies to the case
under consideration.   But they insist, as do the solic-
itors for the complainant, that adverse claims and titles
to land cannot be tried in a suit to foreclose a mortgage.
The defendants' solicitors also insist that under the gen-
eral rules of equity the mortgage has become stale, and
that the statute of limitations should be applied to it.

We do not think that this position is tenable. The complainant shows sufficient excuse for delay in filing this bill for the foreclosure of the mortgage.[1]

Defendants' solicitors further claim that the clause in the deed of the heirs to Francis H. Strong, reading as follows: "But not to be conveyed during the life-time of the said Francis H. Strong,"—operated as a restraint upon the right of alienation of Francis H. Strong, and therefore he could not give a valid mortgage upon the three-fourths of the premises conveyed to him by that deed, he only having a life-estate in three-fourths of the premises, and his right to convey being prohibited. These words, if effectual for any purpose, operate, and were evidently intended, as a condition subsequent. The deed created a life-estate merely in three-fourths of the premises, and the insertion of the words served to make that an express condition which at the common law was implied in every estate for life or years. 2 Bl. Comm. 153. Such a condition, however, defeats the estate to which it is annexed only at the election of him who has a right to enforce it. No one entitled to enforce the condition has sought to defeat the estate granted to Francis Strong, and until this is done the mortgagee has a right to enforce his security to the same extent as if the condition were not contained in the deed.

The defendant Amos A. Kinney claims as a subsequent purchaser under an execution sale, but this is subject to the mortgage of the complainant, and he was properly made a party defendant. The complainant failed to show that Lucinda M. Kinney had any interest in the premises which was subject to his mortgage. The record discloses that she had a tax title upon the premises, which, the complainant must have known, could not be litigated in

---

[1] The bill was filed August 6. 1889.

this suit, and there was therefore no reason for making her a party.

The bill will be dismissed, with costs, as to her. The decree of the court will be affirmed, with costs, as to the other defendant, and no writ of assistance will be awarded to put Amos A. Kinney out of possession of the premises, which he claims to hold by a paramount title.[1]

The other Justices concurred.

———————

[1] He claimed under tax titles, as well as under the execution sale.