THE BOARD OF HOME MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA et al.

*v.*

M. EVA DAVIS et al.

[Decided December 14th, 1905.]

1. The issuance of a writ of assistance rests in the sound discretion of the court, and such writ will never be awarded in a case of doubt, nor will a question of legal title be tried or decided in proceedings looking to the exercise of the power of the court to put a purchaser in possession.

2. Where a defendant in a foreclosure suit purchases a paramount title after the decree for sale in the suit, such defendant stands in the same position as a stranger who purchases an outstanding title and enters into possession, and will not be ousted from possession by a writ of assistance.

---

On petition for writ of assistance.

*Mr. George M. Shipman,* for the petitioner.

*Mr. Martin Wyckoff,* for the defendant M. Eva Davis.

BERGEN, V. C.

William Davis mortgaged certain lands in Warren county, in this state, to the complainants, who instituted proceedings against the heirs-at-law of Davis, he having died intestate, to foreclose the equity of redemption. This defendant M. Eva Davis, who was one of the heirs-at-law of William Davis, set up as a defence in the foreclosure proceedings that her father, William Davis, had no title to the premises when he gave the mortgage, but this defence was overruled, and a decree was made directing the sale of the land to raise the mortgage debt, following the rule laid down in *State Mutual Building and Loan Association* v. *Batterson,* 65 *N. J. Eq.* (20 *Dick.*) 610, 612. The sale was made by the sheriff of Warren county, duly reported and confirmed, and a deed, executed by the sheriff in due form, was delivered to the petitioner, who now presents his petition for an order for possession. The usual formalities upon which such an application may be based have been observed, and the only opposition to the making of the order rests upon the allegation that the occupant is now in possession under a title superior to that vested in the mortgagor and now held by the petitioner by virtue of the foreclosure sale.

The answer to the petition is in the form of an affidavit, made by the occupant, which sets forth the facts upon which resistance is founded, and while open to the objection that it is not in form an answer, this was not urged against it on the argument, and the petitioner consented to treat it as an answer, and also admitted, upon being offered an opportunity to submit answering testimony, that he could not successfully deny the facts stated. In this situation I must take the facts disclosed by the papers to be true. The petition is in usual form, setting forth the issuing of the execution; a description of the lands, the possession of the defendant, who was a party to the foreclosure proceedings; the exhibition of the sheriff's deed to her, with a demand for possession, and her refusal. The affidavit presented by the defendant by way of answer shows that one Mary Weller, a lunatic, died intestate in 1879, seized of the lands; that she had never married, and left as her only heirs-at-law collateral

relatives, some of whom entered into possession of the lands; that since the decree foreclosing the equity of redemption under the mortgage given by William Davis was made in this cause the defendant purchased, by good and sufficient conveyances, the title which some of these collateral heirs had in the premises, and charges that she now holds possession under such conveyances, so far as they have passed the title, and as a tenant in common with such of the heirs as have not conveyed to her.

Under the proofs now before me I must assume that the title of the defendant is paramount to that acquired by the petitioner in the foreclosure proceedings, for the answer alleges that Mary Weller died seized and intestate, and charges that the title of William Davis under which the petitioner claims is based upon a pretended devise from Mary Weller, which could have no lawful existence, because she died intestate, and as these claims are not disputed, it would appear that William Davis had no title to the lands which he mortgaged, unless he has acquired one in some other manner, not disclosed in these proceedings. The only question I am called upon to consider is whether an order for possession, such as usually follows the result of a foreclosure sale, ought to be allowed against a defendant in foreclosure proceedings who seeks to hold possession under a title confessedly superior to that of the purchaser at the foreclosure sale when such paramount title was acquired after the decree was entered foreclosing the equity of redemption and directing a sale.

The writ applied for is intended to aid in the execution of a final decree, in order that a purchaser may have the benefit of his purchase, but it will never be awarded in a case of doubt, nor will a question of legal title be tried or decided in proceedings looking to the exercise of the power of the court to put a purchaser in possession. *Schenck* v. *Conover, 13 N. J. Eq. (2 Beas.) 220; Thomas* v. *De Baum, 14 N. J. Eq. (1 McCart.) 37, 41; Barton* v. *Beatty, 28 N. J. Eq. (1 Stew.) 412.*

According to the settled rules of law relating to this subject, it would not be seriously asserted that if a stranger, not a party to the foreclosure proceedings, had purchased this outstanding

title, and entered into possession, this court would undertake, in the summary manner proposed, to settle the legal rights of the parties. But it is insisted by the petitioner that because this defendant was a party to the foreclosure proceedings she is now estopped from asserting a title against the purchaser which she derived from an independent source having no relation to the mortgagor's title, and acquired after the making of the decree in which the rights and estates of the parties claiming under William Davis, the mortgagor, had been passed upon. In support of this contention the petitioner's counsel relies upon *Chadwick* v. *Island Beach Co., 43 N. J. Eq. (16 Stew.) 616,* but clearly that case does not afford the petitioner any effective support. In the *Chadwick Case* it appeared that the defendant had acquired the independent title it relied upon before the filing of the foreclosure bill, and in passing upon this question, Chief-Justice Beasley said: "When a complainant alleges that he holds a mortgage in fee upon certain lands, and prays that a sale shall be made of such property, such a claim seems, *proprio vigore,* to include, inferentially, an assertion that a title paramount to such mortgage does not reside in any of the parties to the suit. By such an assertion the defendants are called upon to admit or deny the existence of such lien upon the property, and plainly, if such lien exists, none of them can have a title superior to the right asserted in the bill." In that case it also appeared that the defendant company took its conveyance subject to the conditions contained in the mortgage, and it was held that it was not entitled to retain the possession against the rights of the mortgagee, which it had covenanted to respect.

The conclusion I have reached is that the defendant, by purchasing a paramount title after the filing of the bill of foreclosure and the making of the decree for the sale of whatever equity she might have in the property, stands in the same position as a stranger when the title which she has acquired proceeds from a source entirely distinct from that through which the purchaser under the foreclosure claims, and with which she was not vested when called upon to answer, and that the decree could not affect any rights which she did not possess when it was made.

The exercise of the power to make this order rests in the sound discretion of the court, and is "only used when the right is clear and when there is no equity or appearance of equity in the defendant." *Vanmeter* v. *Borden, 25 N. J. Eq. (10 C. E. Gr.) 414.* A very serious question may arise upon full proofs as to where the legal title to this property rests, and should not be disposed of in this summary way. The petitioner should be required to establish his title in a proceeding directed to that end.

The petition will be dismissed and the order refused, with costs.