JAMES H. BUNCH, *Appellant,* v. HIGH SPRINGS BANK, *Appellee.*

Opinion Filed December 14, 1918.

1. A writ of possession should not be issued against one in possession at the time suit was instituted, who is not a part to the suit, holds possession of the premises in his own right and under an independent claim of ownership.

2. The issuing of a writ of assistance is largely discretionary with the Court but should be granted only where the right of the applicant in whose favor the writ is sought to be issued is clear and where it is doubtful the writ should be denied.

Appeal from Circuit Court for Columbia County; M. F. Horne, Judge.

Order reversed.

*James H. Bunch,* in *pro per;*

*F. Y. Smith,* for Appellee.

ELLIS, J.—Phebe L. John, a widow, being indebted to the High Springs Bank, executed and delivered to the bank a mortgage upon certain lands of which she was in

possession in Columbia County, to secure the payment of the debt. On January 20th, 1915, the bank instituted suit against Mrs. John to enforce the mortgage. In this proceeding Mrs. Alice Hurner, J. L. Matthews, E. B. Godwin and R. W. Turner were made parties defendant with Mrs. John upon the ground that they had or claimed some interest in the lands.

Upon the same day the complainant caused to be filed in the clerk's office and duly recorded a notice of the institution of the suit.

An order was taken by the complainant dismissing the bill as to Mrs. Alice Hurner and a final decree was entered as to the other defendants. Under this decree the lands were sold, the bank became the purchaser, a deed executed to it by the special master and the report of the sale confirmed. The order of confirmation was made December 5th, 1916. The deed was executed two days later.

On the 13th of February, 1917, the complainant, High Springs Bank, applied to the court by petition for a writ of assistance against James H. Bunch, who held possession of the premises through C. S. Rumph, who was agent for or tenant for Bunch. The petition alleged that Mr. Bunch is an attorney at law, and as attorney for Mrs. John he went into possession of the premises, although he claims the title as his own. The petition prayed for an order directed against Mr. Bunch to show cause why a writ of assistance should not be issued against him.

On the same day J. H. Bunch answered, averring that he had been in open, notorious, continuous and actual possession of the premises since December, 1914, and denied that he went into possession of the land as the attorney for Mrs. John, and averred that he owned the title to the land. He averred that he held title to the land

under a tax deed dated February 3, 1915. That in January, 1915, before the foreclosure suit was instituted the complainant bank had received notice of Bunch's application for the tax deed, but failed to redeem the same; that the tax certificates upon which the deed was based were transferred by J. H. Whetstone to the defendant, Bunch, for a valuable consideration about December 14, 1914; that defendant, Bunch, then entered upon and took possession of the land during the same month; that he "went into possession of said land under and in pursuance of said tax certificates and said tax deed" and in his "individual capacity for his own use and benefit;" that he was not a party to the suit; that he claims the land by an independent and paramount title; that at the time of the final decree and the execution of the master's deed and prior thereto he was in "actual possession of said lands as aforesaid under and by virtue of the said tax deed."

The court appointed A. P. Rivers examiner to take the testimony upon the single question of whether James H. Bunch went into possession of the premises as the attorney for the defendant, Mrs. John, and whether it was with her consent. The examiner reported the testimony, and on the 23rd day of March, 1917, the court awarded the writ of assistance as prayed for, and ordered that the defendant, Bunch, pay the costs of the proceedings. From that order this appeal was taken.

There are nine assignments of error, but we will consider only the question whether the writ should have issued if the defendant, Bunch, entered into possession of the land under a bona fide claim to a paramount title and not as the attorney or legal representative for Mrs. John.

It is evident that it was the court's view that if the defendant, Bunch, did not enter into possession of the

land as the attorney for Mrs. John, but took possession independently in his own right, the writ should not issue. So that narrowing the question to the one issue was surely beneficial to the appellant, for it was equivalent to saying that if he did not take possession as the attorney for Mrs. John he need not establish his other claims in this proceeding and the writ would not issue. In other words, if the possession was taken independently and on his own account and was not affected by his relation and duty to Mrs. John as her attorney, then the writ should not issue.

In this view of the law we think the court below was right because the rights of Mrs. John were determined in the litigation, and if the defendant, Bunch's possession was Mrs. John's possession or inured to her benefit; that is to say, if he was acting in privity with her, the writ was justified. But if the relation of attorney and client between Bunch and Mrs. John did not exist, then the writ was not justified, because in that case the rights of Bunch were not determined. See Roach v. Clark, 150 Ind. 93, 48 N. E. Rep. 796; Escritt v. Michaelson, 73 Neb. 634, 103 N. W. Rep. 300; Exum v. Baker, 115 N. C. 242, 20 S. E. Rep. 448; Stanley v. Sullivan, 71 Wis. 585, 37 N. W. Rep. 801; 2 R. C. L., p. 728; State *ex rel*. Biddle v. Superior Court for King County, 63 Wash. 312, 115 Pac. Rep. 307, Ann. Cas. 1913 D. 1123. In the latter case Judge CHADWICK announced what we conceive to be the correct rule. He said: "If for any reason one asserting an interest in the property was not made a party he might have been brought in at any stage of the proceedings and his rights adjudicated. The writ of assistance being a writ in aid of the order or decree of a court of equity, there can be no difference in principle whether the one asserting an interest is brought in as an additional party

before decree or thereafter on an order to show cause why the decree should not foreclose his asserted right. In either event he has his day in court, and his right can be as fully adjudicated as if he had been made an original party. The result is the same. If it appear that he is in privity with the mortgagor, the writ will run. If it appear that he is not so in privity, or asserts an independent title, it should be denied; the issuance of the writ resting in the sound discretion of the court and the test being that 'it will be used only when the right is clear and there is not appearance of equity in the defendant, or where there is not a bona fide contest relative to the right of possession.' "

The issuing of the writ is largely discretionary with the court and should be granted only where the right of the applicant against whom the writ is sought to be issued is clear and where the right is doubtful the writ will be refused. Hooper v. Yonge, 69 Ala. 484; Wiley v. Carlisle, 93 Ala. 237, 9 South. Rep. 288; McLane v. Piaggio, 24 Fla. 71, 3 South. Rep. 823; Schenck v. Conover, 13 N. J. Eq. 220; Blauvelt v. Smith, 22 N. J. Eq. 31; Strong v. Smith, 68 N. J. Eq. 686, 60 Atl. Rep. 66; Knight v. Houghtalling, 94 N. C. 408. Where the person in possession sought to be ousted by the writ sets up a bona fide and colorable claim of right to possession the writ will be refused. See Musgrove v. Gray, 123 Ala. 376, 26 South. Rep. 643; Ramsdell v. Maxwell, 32 Mich. 285; Barton v. Beatty, 28 N. J. Eq. 412; Exum v. Baker, *supra;* Stanley v. Sullivan, *supra.* A party to the action may set up in defense to the issuance of the writ a paramount title acquired by him which was not adjudicated in the action. See Board of Home Missions of the Presbyterian Church in the United States of America v. Davis, 70 N. J. Eq. 577, 62 Atl. Rep. 447; City of San Jose

v. Fulton, 45 Cal. 316; Langley v. Voll, 54 Cal. 435; Hayward v. Kinney, 84 Mich. 591, 48 N. W. Rep. 170. It has been held that where the issuance of the writ is contested on the ground of the right to possession of the person against whom it is sought the claim of possession must be colorable. Skinner v. Beatty, 16 Cal. 157.

The sole question to be determined, as was said in Strong v. Smith, *supra,* is "whether the appellant has a right as against the party in possession to use the writ to obtain possession." In this case the Bank did not have such right unless the possession of the defendant, Bunch, clearly and without doubt appeared to be the possession of Mrs. John.

Considering the answer of the defendant, Bunch, to the petition for the writ, it appears that he set up a title to the land which was not adjudicated in the suit, namely, the tax title, and it seems that even now he holds possession of the land under such title. While he obtained a deed to the land from Mrs. John in November, 1914, and advised her in January, 1915, to quit claim to another in order to obtain a settlement of some obligations outstanding against her property in New Jersey, it nowhere appears that he represented her in the foreclosure suit, that he acted as her attorney in purchasing the tax certificates from Whetstone, nor that she furnished the money for such purchase, nor that he acted upon her instructions, nor for her benefit in the matter, nor that he used her funds for such purchase. Mrs. John testified that Mr. Bunch was her adviser, that she executed the deed to him upon his advice, and that she was guided by his advice in the matter of the foreclosure suit, that she sent the subpoena to him—but all that testimony is consistent with the contention of the defendant, Bunch, that it was decided to make no defense and that she would move

away and seek her home elsewhere. There is nothing to show that Mrs. John has the slightest claim in law or equity to the rights acquired by Mr. Bunch under the tax deed. Mr. Bunch went into possession of the land after Mrs. John had vacated the place and before the suit was begun to foreclose the mortgage. His possession was not taken under the tax deed and he does not assert that he went into possession under the deed from Mrs. John. His possession, therefore, while not under the tax deed because it had not been issued, and not under the tax certificates because they would not support a possession, was nevertheless not unlawful because he had obtained by purchase from Mrs. John a deed to the lands. This deed conveyed her title and made Bunch a necessary party defendant. Whether the tax deed will avail to perfect that title, whether after acquiring the John title, the defendant, Bunch, can rely on the tax deed to perfect his right to the premises presents a question which cannot be determined in an application for a writ of assistance. We do not agree with the learned Chancellor below that the complainant was clearly entitled to a writ of assistance against the defendant, Bunch, and so must reverse the order awarding it with directions to quash the writ.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.