OAKLAND PROPERTIES CORPORATION, a corporation, and L. C. MILLEN, *Appellants,* v. J. J. HOGAN, GOTHAN REALTY CORPORATION, a corporation, MIDDLE RIVER DEVELOPMENT COMPANY, a corporation, and FAB HOLDING CORPORATION, a corporation, *Appellees.*

Opinion filed June 23, 1928.

*Huber, Clements & Blackwell,* for Appellants;

*Hall, Johnson & English,* for Appellees.

LONG, Circuit Judge:

This is an appeal from a decree of the lower court dated

12th day of January, 1928, granting writ of assistance evicting the appellant, L. C. Miller, from certain lands in Broward County, Florida, to which lands appellee, Hogan, held the legal title under a Master's deed.

The only question raised by the assignment of error is whether or not the Court erred in granting this writ.

The record discloses that on January 6, 1928, notice was served on the defendant, L. C. Miller, in person and by mailing a copy to councel that application would be made for the writ of assistance on the 12th day of January, 1928.

It is admitted that the case at bar is a companion case to the case of Oakland Properties Corporation, Appellant, v. J. J. Hogan and Middle River Development Company, Appellee, designated in the lower court as chancery cause No. 4499. This court, in the companion case, has held that the chancellor was not in error in dismissing the bill as to Defendant Hogan in so far as the same affected the rights of said defendant in the sixty-five (65) acres to which Oakland Properties Corporation had no title at the time of the filing of the bill to foreclose.

The *lis pendens* was placed of record and subsequent thereto Appellant Miller entered into possession with full notice of appellees' rights, and in seeking the writ of assistance the appellee, Hogan, prayed only for the possession of the sixty-five (65) acres, the title to which was vested in him under the master's deed.

The court, by its decree having found the right of possession to the sixty-five (65) acres to be in the appellee, Hogan, and the appellant, Miller, having entered into possession with full knowledge of appellee's rights, the chancellor did not abuse his descretion in issuing the writ as the right of the appellant, Hogan, was in no manner doubtful. but very clear.

"The issuance of a writ of assistance is largely discretionary with the court, but should be granted only where the right of the Appellant, in whose favor the writ is sought to be issued, is clear, and, where it is doubtful the writ should be denied." Bunch v. High Springs Bank, 80 So. R., 319.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, affirmed.

ELLIS, C. J. AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.