This matter is before the court on an application for a writ of assistance. The proofs herein impel me to determine that the application be denied. The demand for possession, on which the application for the writ is predicated, is addressed "to Charles E.S. Simpson and Edna B. Simpson, his wife," and is signed by the petitioners herein, who, as appears thereby, authorized one William A. Oliver to take and receive for them possession of the premises therein mentioned. The affidavit of Mr. Oliver, which is attached to said demand by way of proof of service thereof, recites that on the 9th day of December last he served upon Charles E.S. *Page 452 
Simpson a written notice and demand for possession, and at the same time exhibited to him a deed by the sheriff of the county of Bergen to Dallas B. Pratt, and also an exemplified copy of the last will and testament of Dallas B. Pratt and letters testamentary thereon, and that said Charles E.S. Simpson refused to comply with the demand. Said affidavit evinces that the nameEdna B. Simpson, although typewritten therein, has a pen-mark drawn over same ostensibly to strike said name therefrom. The affidavit, as typewritten, evinces also that service of demand for possession was intended to have been made upon both Mr. Simpson and his wife. Why the notice and demand for possession was not served upon Mrs. Simpson has not been explained. The petition herein has attached thereto a "notice of motion" directed to Charles E.S. Simpson, notifying him of an application to be made for an order for a writ of assistance and for a writ of assistance to cause him to quit the premises described therein, to the end that the petitioners may obtain possession thereof. The petition recites inter alia a sale of the premises therein mentioned by the sheriff of the county of Bergen to Dallas B. Pratt on July 31st, 1929. Said purchaser died October 9th, 1929. It appears from the proofs herein that the sheriff's sale occurred more than three and one-half years ago. A court of equity will not afford relief by means of the issue of a writ of assistance unless the purchaser of premises at a judicial sale shall apply to the court therefor within a reasonable time after the sale. The application for the writ of assistance in the matter sub judice is not made by the purchaser at a sheriff's sale in mortgage foreclosure proceedings in the above-stated cause, but by persons who claim title to said premises as devisees under the last will and testament of Dallas Bache Pratt, probated in the New York county surrogate's court. It may be that the above-named purchaser at the sheriff's sale, and the testator aforesaid, are identical, but there is no adequate proof thereof herein. In Barton v. Beatty, 28 N.J. Eq. 412, it is stated: "A writ of assistance is awarded in execution of a final decree. Having decreed a sale and conveyance of land, it *Page 453 
is necessary, in order to give the purchaser the full benefit of his purchase, to put him in possession." The acquiescence of the person or persons having legal title to the premises in question, whosover they may have been within the past three and one-half years, in the retention by the Simpsons of possession of said premises during such period of time, creates a doubt as to whether the Simpsons have not held possession of said premises under lawful right, or, that such person or persons may have been aware that the Simpsons' right to possession of the premises had not been divested by the mortgage foreclosure proceedings aforesaid. Whether the petitioners are entitled to assert herein as against Charles E.S. Simpson, and as against Edna B. Simpson, his wife, who has not been served with a notice or demand for possession of the premises, their alleged right to the possession of said premises as devisees under the last will and testament aforesaid, is not free of doubt. The issuance of a writ of assistance rests in the sound discretion of the court, and such writ will never be awarded in a case of doubt, nor will a question of legal title be tried or decided in proceedings looking to the exercise of the power of the court to put a purchaser of property at a sheriff's sale in possession thereof.A fortiori petitioners who claim title and right of possession, as devisees aforesaid, are not entitled, as of right, to a writ of assistance to place them in possession of premises the possession of which is held by other persons whose right thereto cannot be regarded as free of doubt. The formalities to obtain a writ of assistance are stated in Schenck v. Conover, 13 N.J. Eq. 220.
This court will not in a summary manner settle the rights of parties when a question of title is involved, and, as in the case sub judice, when the right to a writ of assistance is not clear. Schenck v. Conover, supra; Barton v. Beatty,supra; Board of Home Missions, c., v. Davis, 70 N.J. Eq. 577.
The petitioners will be relegated to an action at law to establish their alleged right to the possession of the premises in question. I will advise an order accordingly. *Page 454