46 So.2d 726 (1950)
CALDWELL
v.
PERSONAL FINANCE CO. OF ST. PETERSBURG.
Supreme Court of Florida, en Banc.
June 6, 1950.
Askew & Earle, St. Petersburg, for appellant.
Fisher & Sauls, St. Petersburg, for appellee.
HOBSON, Justice.
The question presented by this appeal is whether the amended declaration states a cause of action. The Circuit Judge held that the amended declaration did not state a cause of action, sustained demurrer thereto and entered final judgment in favor of the appellee (defendant below).
We cannot agree that the amended declaration fails to state a cause of action. Those portions of the amended declaration which are germane are set forth infra. An inspection of the allegations discloses the fact that the appellant obviously in good faith gave certain information to AEtna Finance Company which appellee contends amounted to an invitation to AEtna Finance Company to make inquiry of the appellee concerning its previous transactions with appellant and that because appellant instigated or brought into existence a communication which would otherwise be libelous or slanderous he cannot recover for he should be held to have contemplated the natural and probable consequence of his own act. As an abstract proposition appellee's contention may be well founded but as we view this case it ignores entirely the question as to whether the communication was made in good faith.
The appellee leans heavily upon the case of Putnal v. Inman, 76 Fla. 553, 80 So. 316, 317, 3 A.L.R. 1580, as authority for its contention. However, in that case the court recognized only that a communication of the character of the one involved in this case "is privileged, if made in good faith * * *."
If it may be said that the appellant invited the inquiry which resulted in the *727 communication which is the gravamen of the appellant's complaint, it does not follow that appellant's statement to AEtna Finance Company amounted to an invitation to appellee "to publish malicious falsehoods about him." The amended declaration alleges: "that the statement by the defendant to the AEtna Finance Company that plaintiff was indebted to it and would not pay said indebtedness was false and was known by the defendant to be false at the time said statement was made, and said defendant made said statement maliciously and with the intent of preventing plaintiff from procuring credit from said AEtna Finance Company." It further alleges: "Plaintiff charges that he was not at the time he made application to AEtna Finance Company for a loan, nor is he now indebted to said defendant in any amount whatsoever; that the defendant wilfully, wantonly and maliciously slandered plaintiff in his credit and reputation for the purpose of extorting from plaintiff the payment of a sum of money which plaintiff did not owe to the defendant, and to thus unjustly enrich itself at the expense of plaintiff."
If, as it is alleged, the appellee knew at the time of making its statement to AEtna Finance Company that said statement was false the communication should be held in law to be malicious unless appellee can establish its verity or make a clear showing that it had probable cause to believe it to be true. Since the declaration alleges that appellee knew that its statement to AEtna Finance Company was false it is unnecessary for the appellant to allege that the appellee did not have probable cause to believe the statement to be true. Such an allegation would add nothing to the force of the allegation already made. If the appellee knew its statement was false when made it could not have had probable cause to believe it to be true. Conversely, if the appellee had probable cause to believe the statement to be true then he could not have known that it was false.
We are now dealing only with an amended declaration. If upon trial the appellant fails to prove his allegations or if the appellee establishes the truth of its communication or should show that it had probable cause to believe said statement to be true the appellant probably would not prevail.
It is our conclusion that the amended declaration does state a cause of action and the demurrer thereto should have been overruled.
Reversed.
TERRELL, THOMAS, SEBRING and ROBERTS, JJ., concur.
ADAMS, C.J., and CHAPMAN, J., dissent.
CHAPMAN, Justice (dissenting).
Involved on this appeal is the pivotal question of whether or not the amended declaration stated a cause of action. It was heard in the lower court on demurrer when the same was sustained and final judgment entered for the defendant-appellee and the plaintiff-appellant appealed. Pertinent parts of the amended declaration are viz.:
"Plaintiff is and has been, for some time in the past, engaged in business in buying and selling commodities, and to that end requires loans of money in small sums, usually under $300.00, for short periods of time, and has heretofore built up a good reputation and credit standing with the various small loan companies in St. Petersburg, Florida, and has established a lucrative business.
"Prior to July 11, 1949, plaintiff has borrowed sums of money from the defendant, from time to time, all of which plaintiff repaid prior to said July 11, 1949, notwithstanding which the defendant has since and now contends that plaintiff still owes said defendant the sum of $37.50, which plaintiff does not owe.
"On the 11th day of July, 1949, plaintiff made application to AEtna Finance Company, a small loan company in the City of St. Petersburg, Florida, for a loan in the sum of $25.00, which said loan was approved by AEtna Finance Company, the papers were drawn and the loan was about to be consummated at which time and when *728 said AEtna Finance Company inquired of plaintiff whether plaintiff owed any other small loan companies, whereupon plaintiff informed said AEtna Finance Company that he did not owe any small loan companies but that defendant, Personal Finance Company of St. Petersburg, contended that plaintiff did owe it the sum of $37.50. Before closing said loan, the said AEtna Finance Company communicated with the defendant regarding said alleged loan and said defendant stated to said AEtna Finance Company that plaintiff was indebted to defendant, would not pay said indebtedness and that defendant had black-listed plaintiff with the members of the small loan association, and as a result of said statements AEtna Finance Company failed and refused to make a loan to plaintiff. Plaintiff charges that the statement by the defendant to the AEtna Finance Company that plaintiff was indebted to it and would not pay said indebtedness was false and was known by the defendant to be false at the time said statement was made, and said defendant made said statement maliciously and with the intent of preventing plaintiff from procuring credit from said AEtna Finance Company.
"Plaintiff avers that as a result of said slanderous statements made by the defendant to said AEtna Finance Company, and the fact that plaintiff was placed upon the blacklist of the small loan association by defendant, plaintiff's credit has been entirely destroyed, as well as the business which plaintiff had built up dependent on said credit, and for that plaintiff cannot secure credit from any of the small companies in the City of St. Petersburg.
"Plaintiff charges that he was not at the time he made application to AEtna Finance Company for a loan, nor is he now indebted to said defendant in any amount whatsoever; that the defendant willfully, wantonly and maliciously slandered plaintiff in his credit and reputation for the purpose of extorting from plaintiff the payment of a sum of money which plaintiff did not owe to the defendant, and to thus unjustly enrich itself at the expense of plaintiff.
"By reason of the wrongful acts of the defendant, as hereinabove set out, plaintiff has been greatly injured and damaged in his business, in his reputation for paying his bills, and in his credit standing, and he brings this action to recover compensatory damages and also punitive or exemplary damages occasioned by the wrong committed and, in this connection, alleges that the defendant is a corporation of great wealth.
"And plaintiff claims $25,000.00."
The case of Putnal v. Inman, 76 Fla. 533, 80 So. 316, 3 A.L.R. 1580, was a suit for libel in which a judgment was entered for the plaintiff below. The merchants of Perry entered into an agreement to exchange the names of customers only between the merchants of Perry in a confidential manner who were good risks to whom credit could, from time to time, safely be extended and likewise to exchange the names of customers  only among merchants  who were not safe credit risks. The information from merchant to merchant was conveyed only through an attorney for the association. Appellant claimed an account against Inman and this information was transmitted to another merchant, along with the amount of Inman's account with Putnal. In reviewing the judgment entered below it was said: "In order that merchants may prudently do a credit business, it is expedient for them to know those in the community who meet their obligations promptly and those who do not, and they have the right to organize and enter into mutual agreements, for the purpose of giving each other the benefit of their knowledge on these subjects, and a communication made by a member of the association to the other members, is privileged, if made in good faith and in such a manner and on such an occasion as to properly serve the purpose of the association". [76 Fla. 553, 80 So. 319.]
The amended declaration alleged that the appellant-plaintiff did not owe any small loan companies but the Personal Finance Company contended that he owed it $37.50. The appellant through the AEtna Finance Company communicated with the Personal *729 Finance Corporation and was advised that Caldwell owed it and would not pay the indebtedness and the Personal Finance Company had black-listed Caldwell. It is a reasonable inference drawn from the above allegation that the inquiry of Caldwell through the AEtna Finance Company of the Personal Finance Company was nothing more or less than appellant Caldwell's request or solicitation, which in law was a privileged communication  the same as if Caldwell had talked directly to Personal Finance Company rather than through an official of AEtna Finance Company. Caldwell's standing was not published.
I would affirm the judgment appealed from on authority of Putnal v. Inman, supra.