## SECURITIES CREDIT CO. v. HILL, et ux.
No. 61-72-E.

Circuit Court, Duval County.

April 14, 1961.

Robert E. Hucker, Jacksonville, for plaintiff.

A. H. Rothstein, Jacksonville, for defendants.

John S. Duss, III, Jacksonville, for purchaser at foreclosure sale.

WILLIAM H. MANESS, Circuit Judge.

This cause is now before the court on various motions and pleadings filed after defendants were ordered to show cause why they should not surrender possession of certain improved property occupied by them as their home since 1950 to one T. Hagood Gooding, the named purchaser at a foreclosure sale of the said property or why a writ of assistance should not be issued pursuant to Gooding's application therefor. All such motions and pleadings raise the same question, to-wit — the right of Gooding to possession as the one to whom the clerk has issued a certificate of title as against defendants who challenge the legality of the foreclosure sale, claim homestead rights therein which have not been destroyed, assert the inadequacy of the amount bid for the property and who offer full restitution to Gooding.

From the testimony presented before the court, and the record herein, it clearly appears that proper service of process was made upon both defendants and that they failed to appear in proper person or through counsel and defend the foreclosure suit. In due course a decree pro confesso was entered against both and without further notice a final decree of foreclosure was entered upon proper proof in affidavit form for $783.29. The decree further provided that — "If the aforesaid total sum(s) . . . are not forthwith paid . . . that the clerk should sell the property . . . at public sale, within the legal hours of sale on Monday, February 20, 1961, to the highest and best bidder for cash at the front door of the Duval County Courthouse . . ." No notice of this decree or demand for payment was communicated to defendants. The "Notice of Sale" was published one time in the language quoted above.

The Duval County Courthouse has four public entrances. The largest, and by far the one used by the greatest amount of traffic, bears the name "Duval County Courthouse" over the five glass doors leading to a main lobby which is approximately 28 feet wide and 75 feet long leading to a bank of three elevators, faces north and is directly accessible to pedestrians from Bay St. This will be referred to as the "main entrance". In addition there is an entrance with three glass doors also facing north (Bay St.) near the westerly end of the building which is accessible only by a paved walk from Market St. which borders the west end of the courthouse property. In addition there is a 2-door entrance facing the St. Johns River to the south and a 2-door entrance facing Liberty St. on the east.

Pursuant to the order of this court and the "Notice of Sale", a few minutes after 11 A. M. on February 20, 1961, one C. W. Martin, deputy clerk of this court, walked to a point at the east wall of the lobby of the main entrance, a few paces from the easternmost door (inside the building) where he read the "Notice of Sale" in a conversational tone (with no loud outcry or special effort to attract attention) and called for bids. The plaintiff's attorney bid $788.29 and T. Hagood Gooding bid $789. (These two persons, and the clerk, were the only persons present at the sale. Gooding learned of the sale from reading the notice in the Financial News and had learned from plaintiff's counsel the exact time the sale would be held). There were no other bids. Gooding did not have the cash with him to meet his bid and the deputy clerk, with approval of plaintiff's counsel, permitted Gooding to go to the bank and obtain a cashier's check for his bid. Gooding returned before 2 P. M. and delivered a cashier's check to the clerk for $789, for which the clerk subsequently issued a certificate of title without further formalities.

At the time of the foreclosure sale the property was sold subject to a first mortgage on which there remained a balance unpaid of approximately $4,400; that mortgage was in default but Gooding paid the two delinquent payments of $45 each; in addition the United States held a judgment against defendants herein for an FHA improvement loan in the original sum of $660.09 plus interest at 6 per cent from June 18, 1959, which judgment this court assumes, but expressly does not adjudicate, to be a lien enforceable against this property; the fair market value of said property *for cash* at time of sale and now is $7,000, and for a credit sale could have been sold for $8,500. The original VA mortgage on said property was in the sum of $7,150; it is still occupied by the original mortgagors-owners (defendants herein) and their three children; it is located in the city limits of the city of Jacksonville and is generally known as 1651 McMillian St.; the lot size is less than one-half acre and is "homestead property" within the meaning of the constitution of the state of Florida relating to exemptions from forced sale.

The sum paid by Gooding is still in the registry of the court and defendants, through their counsel, have offered to promptly reimburse Gooding for all sums paid by him to the holder of the first mortgage, pay the sums due under the final decree or otherwise do what equity requires under the circumstances to set aside the certificate of title and the foreclosure sale.

It is further undisputed that the defendant-wife, Annette E. Hill, (who is a co-tenant by the entirety) did not, in fact, sign the note and mortgage, herein sued upon and foreclosed, in the presence of the two purported witnesses shown on said documents and did not in fact acknowledge said mortgage before the notary public as shown thereon; that in fact said defendant signed such note and mortgage in the kitchen of her home at the request of her husband who represented to her only that he was "putting up the furniture" for such loan; that these two documents were given to the defendant-husband by an officer or employee of plaintiff corporation with directions to get his wife's signature thereon and were witnessed and acknowledged under the supervision of an officer or employee of the plaintiff corporation who in fact knew, or should have known, that as to the purported witnesses and acknowledgment as to Annette E. Hill, such purported witnesses and such purported acknowledgment were false, fraudulent, void and of no legal validity. As to defendant Amos Hill, there does not appear that there is any such defect in the execution of such documents.

Proper demand has been made upon defendants to surrender the possession of the property in question and such demand has been refused.

The foreclosure procedure followed in this case purports to meet the requirements of section 702.02, Florida Statutes. By its decree, this court ordered possession of the property in question delivered to "the purchaser at the sale". However, under such proceeding no provision is made for obtaining possession and the purchaser is here proceeding under rule 3.18 of the 1954 rules of civil procedure which, generally speaking, entitles him to a writ of assistance if he is "the purchaser at the sale" but "only on order of the court". However, notwithstanding the provisions of section 702.02(3) of the statutes that "upon the filing of the certificate of title, the sale shall stand confirmed . . . and title to the mortgaged property shall pass fully and completely to the purchaser named in such certificate . . .", where, as here, the purchaser applies to the court rendering the decree for the equitable remedy by a writ of assistance, such application is in effect an application for confirmation of the sale and such confirmation is a condition precedent to the issuance of the writ.

The courts of Florida follow the general rule set forth in 7 C.J.S. 3, (Assistance, Writ of; section 2) reading as follows — "Ordinarily the relief sought by way of writ of assistance is addressed to the sound discretion of, and the issuance of the writ is largely discretionary with, the court. It should be granted, however, only where the right of the applicant seeking the writ is clear; and, if it is doubtful, should be denied. It may be used only when there is no equity or appearance of equity in defendant and the court, in the exercise of its discretion, should satisfy itself that the applicant who comes seeking equity has done equity and deny the writ if his conduct is marked by fraud or unfair dealings." See also Bunch v. High Springs Bank, 80 So. 319, 76 Fla. 546; and Oakland Properties Corporation v. Hogan, 117 So. 849, 96 Fla. 50.

Applying that rule to the facts now before this court, the court is of the opinion that the writ should be denied and the purported sale to Gooding declared null and void and the certificate of title vacated and set aside. Whether or not defendants can or must show that they were misled, it affirmatively appears to this court that — (a) there was no "outcry" made by the deputy clerk for the purpose of attracting attention to the sale; (b) the time and place of the sale were not sufficiently described in the final decree or in the "Notice of Sale"; (c) the property was not sold "for cash" at such purported sale; and (d) the sum

bid of $789 (71 cents over the amount of the decree and next highest bid) is inadequate and inequitably less than the real value of the property. These defects are fatal to the validity of the purported sale, deny to Gooding a "clear right" to the writ and undermine his standing as a "purchaser"; all of which necessarily defeats his asserted right to possession. Although there is no showing that the failure to specify the exact time and place of the sale in any way prevented defendants from finding and attending such sale, such a showing is not necessary under the circumstances here presented.

Having found the conduct of the foreclosure sale legally insufficient to meet the requirements of the statute or decree and the issuance of a writ of assistance unjustified, the court must now determine whether or not the foreclosure decree should be vacated and set aside upon the evidence before the court. Until a valid foreclosure sale "has been actually made" this court has the power (see section 702.07) to vacate and set aside the purported decree herein assaulted. Since no rights vested in Gooding, and none could vest, under and by virtue of his bid and subsequent issuance of a certificate of title, unless and until a proper sale is made under the statute and possession obtained, the court must now consider the propriety of vacating its decree of foreclosure which under the evidence before the court is shown to have been entered without proof of the signing by defendants of the note and mortgage herein foreclosed. To decline to vacate such foreclosure decree would permit the plaintiff, which has not yet been paid the sum tendered by Mr. Gooding, to perpetrate a fraud on defendant, Annette E. Hill, who has never released her homestead or dower rights in said property by a sufficient legal document. These rights in the homestead can only be divested in the manner prescribed by law and because of their constitutional origin are not foreclosed by the decree pro confesso herein; and, it is doubtful that such rights under these circumstances would have been lost even if the foreclosure sale had been valid. And while such decree pro confesso does operate to admit the obligation of defendants to plaintiff and (as against the defendant-husband) may even admit the existence of a lien upon the defendant-husband's interest in said property, it does not divest the defendant-wife's homestead rights therein. (See Perry v. Beckerman, 97 So. 2d 860). Since there is no fact herein which would constitute a waiver or estoppel precluding such defendant's assertion of such right, it follows that the motion to vacate the final decree of foreclosure herein must likewise be granted and plaintiff's prayer for a decree of foreclosure must be denied, although a money judgment for $788.29 plus interest from February 3, 1961, should be entered against both defendants.

Accordingly, it is ordered, adjudged and decreed as follows —

1. That the certificate of title, dated March 7, 1961, and recorded in official records volume 1222 at page 239 of the public records of Duval County, issued by the clerk of this court to T. Hagood Gooding, purporting to vest title to lot 18, block 6, College Gardens, unit 2 (plat book 20, page 94) in the said T. Hagood Gooding as purchaser at the foreclosure sale held February 20, 1961, should be, and the same is hereby vacated, set aside and declared to be null and void and of no legal effect whatsoever and the clerk of this court is hereby directed to cancel the same by an appropriate notation on the copy of said certificate recorded as aforesaid.

2. That the aforesaid foreclosure sale of the property described in paragraph 1 above is declared null and void and of no legal efficacy whatsoever; and, that certain certificate of sale issued by the clerk of this court dated February 20, 1961, and filed in official records volume 1211 at page 232 is likewise declared null and void.

3. That the final decree of foreclosure entered herein February 3, 1961, and filed and recorded on said date in official records volume 1200 at pages 592-594, of the public records of this county, should be, and the same is hereby vacated and set aside and held for naught.

4. That the clerk of this court be, and he is authorized and directed to return to T. Hagood Gooding the sum of $789 now on deposit in the registry of this court, less the clerk's fees and charges authorized by law.

5. That the said T. Hagood Gooding shall have ten days from the date hereof within which to file herein a statement of his out-of-pocket expenditures made by him which have inured to the benefit of defendants or for which in equity he should be made whole by defendants; and this court reserves jurisdiction of the defendants herein and this cause for the purpose of enforcing payment of such sums by defendants to T. Hagood Gooding as a condition to the relief herein granted defendants; in the event no such statement is filed by the said T. Hagood Gooding within said period, defendants shall forthwith pay to the said Gooding the sum of $90.

It is further ordered, adjudged and decreed that the prayer of plaintiff's complaint for a foreclosure and sale of the property described in the mortgage filed herein as plaintiff's exhibit no.

be, and the same is hereby denied, and plaintiff shall have and recover of and from the defendants, Amos Hill and Annette E. Hill, his wife, the following sums —

| | |
|---|---:|
| Unpaid principal | $544.86 |
| Interest at contract rate to April 15 | 79.41 |
| Attorney's fees | 175.00 |
| Clerk's filing fee | 11.00 |
| Sheriff's costs | 7.30 |
| Total | $817.57 |

for which said total sum of $817.57 let execution issue.