R. H. POWELL *et al.,* plaintiffs in error, *vs.* SARAH LAWSON, defendant in error.

1. The sheriff, under a writ of possession based upon a judgment rendered in an action of ejectment, has no authority to receive an affidavit from a person not a party to said suit, to the effect that she did not hold possession of the land as tenant under the plaintiff or defendant in ejectment, "or any one else."

2. Where, upon the trial of a case arising under the forcible entry and detainer law, the jury reported to the presiding Justice that they could not agree upon a verdict, and the magistrate told them that they must agree or he would take them with him to Blakely, and the jury subsequently returned a verdict for the defendant, but upon being polled, two of them stated that they had consented to the verdict, but had not agreed to it, and the Justice received the verdict over the objections of the plaintiffs:

*Held,* That the proceeding was illegal.

Ejectment. Forcible entry and detainer. Practice. Verdict. Jury. *Certiorari.* Before Judge HARRELL. Early County. At Chambers. September 13th, 1872.

For the facts of this case, see the decision.

R. H. POWELL, by brief, for plaintiffs in error.

SWANN & CARTLEDGE, by A. HOOD, for defendant.

WARNER, Chief Justice.

This was an application to the Judge of the Superior Court for a writ of *certiorari,* which was refused, and the plaintiffs

excepted.  It appears from the allegations in the plaintiffs' petition for *certiorari* that the plaintiffs were the joint owners of a lot of land; that at the October term of Early Superior Court, 1871, Hill, one of the plaintiffs, recovered the lot of land by an action of ejectment brought by him against one Evans, who was in possession of it; that plaintiffs consented for Evans to remain in possession of the land, as their tenant, until he could gather his crop.  About the 1st of November of that year, Evans went out and abandoned the possession of the land, but a day or two before Evans went out, Mrs. Lawson, the defendant, went into the possession of it.  A writ of possession was issued by the clerk of the Superior Court to execute the judgment rendered in the ejectment suit in favor of Hill against Evans, commanding the sheriff to put the plaintiff in possession of the land.  When the sheriff went to execute the writ, he found the defendant, Mrs. Lawson, in possession of the land, who refused to give possession to the plaintiff, and made an affidavit that she did not hold possession as tenant under Evans, Hill, or any one else, and tendered the same to the sheriff, who took the affidavit, returned it to the Superior Court, and left her in possession.

1.  We are not aware of any provision in the Code of this State which would have authorized the sheriff to have received the counter-affidavit of Mrs. Lawson to the writ of possession, who was not a party thereto, and thus create an issue to be tried thereon in the Superior Court, by returning the papers to that Court, as was done by the sheriff in this case.  The writ of possession placed in the hands of the sheriff, only authorized him to dispossess the defendant in the ejectment suit, and those claiming under him: Code, 3583.

2.  The plaintiffs, however, proceeded against Mrs. Lawson, the defendant, for forcible entry and detainer, as provided by the 4014th section of the Code.  On the trial of that issue before the Justice and jury summoned to try the same, it did not appear from the evidence in the record how or in what manner Mrs. Lawson got possession of the land; there is no evidence of any *forcible entry* thereon by her.  There is some evidence,

however, of a forcible detainer of the premises by the defendant, that when one of the plaintiffs demanded possession thereof, he was ordered off by the occupants of the house. The jury found a verdict for the defendant, and if the trial had been legally conducted before the Justice, there would have been no error in the refusal of the Court to grant the *certiorari*, on the ground that the verdict was contrary to the evidence; in other words, this Court would not have controlled the discretion of the presiding Judge in refusing to sanction the *certiorari* on that ground. But the trial was not legally conducted, and we cannot sanction and maintain a verdict rendered under the facts and circumstances disclosed in the record. It appears that after the jury had retired to consider the case and make up their verdict, they reported to the Justice that they could not agree on a verdict; whereupon, the Justice told them that they must agree, or he would take them with him to Blakely. The jury then retired, and after staying out until about sundown, brought in a verdict for the defendant. On the jury being polled, two of them said that they consented to the verdict, but that they did not agree to it. The plaintiffs objected to the verdict being received, but the Justice overruled the objection and received the verdict.

Let the judgment of the Court below be reversed.