[No. 3220.   Decided September 9, 1899.]

FRANK HAGERMAN et al., Plaintiffs, v. MARTIN L. HELT-
ZEL et al., Defendants.

In the Matter of the Application of W. G. FRAZER for a
Writ of Assistance:   HENRY MEYERS, Appellant, v.
W. G. FRAZER, Respondent.

WRIT OF ASSISTANCE—WHEN ISSUED—RIGHTS OF REDEMPTIONER.

The purchaser of an equity of redemption in premises which
have been sold upon foreclosure of mortgage is entitled to a writ
of assistance to place him in possession, where he has redeemed
within the statutory period, under Code Proc., § 519, which pro-
vides that "the purchaser from the day of sale until a resale or
redemption, and the redemptioner from the day of his redemption
until another redemption, shall be entitled to the possession of
the property purchased or redeemed."

SAME—RIGHTS OF PRIVIES TO THE SUIT.

The rule that the writ of assistance will issue only against
parties to the suit, or their representatives, or those who came into
possession under either of the parties while the suit was pending,
is not infringed by its issuance against privies to the original
parties in the suit, though such privies may not have been named
therein.

Appeal from Superior Court, Whitman County.—Hon.
WILLIAM McDONALD, Judge.   Affirmed.

Chadwick & Bryant, for appellant.
Trimble & Pattison, for respondent.

The opinion of the court was delivered by

REAVIS, J.—The main action was for the foreclosure of
a mortgage executed by Heltzel and wife, defendants, and
to foreclose all claims of the other defendants mentioned.
Under the sale ordered by the decree of foreclosure the
plaintiffs became the purchasers of the premises described

in the mortgage, and a certificate of sale was issued by the sheriff. The plaintiffs thereupon applied for a writ of assistance to put them in possession of the mortgaged premises, which was issued by the court, and the sheriff thereafter placed the plaintiffs in possession of the premises under the writ. Thereafter the plaintiffs transferred the certificate of sale to one Mohney, who put the appellant, Meyers, in possession of the premises. After the mortgagors, Heltzel and wife, were put out of possession, they transferred the equity of redemption to Frazer, the respondent. Respondent, prior to the expiration of the time for redemption, duly made application to the sheriff to redeem the premises from the sale under the decree of foreclosure, giving notice to the purchasers and their assigns of his intention to redeem, and thereafter submitted proof of his right to redeem, and paid to the sheriff the sum necessary for redemption, and the sheriff issued to Frazer a certificate of redemption. Frazer thereafter made demand upon Mohney and Meyers for possession of the premises, exhibiting to them his certificate of redemption. Meyers refused to deliver possession, and Frazer applied to the superior court for a writ of assistance to place himself in possession of the premises, and upon a hearing the superior court ordered that the writ issue. At the hearing upon the order to issue the writ, appellant demurred generally to the petition for the writ. The petition was entitled in the original action. The court overruled the demurrer, to which order overruling the demurrer and granting the writ of assistance the appellant excepted and assigned such ruling as error.

The writ of assistance is described in 2 Enc. Pl. & Pr., p. 975, as

" The ordinary process used by a court of chancery to put a party, receiver, sequestrator, or other person into possession of property when he is entitled thereto, either upon a decree or upon an interlocutory order. The most

familiar instance of its use is where land has been sold under a decree foreclosing a mortgage; but it is also employed wherever a court of equity, having jurisdiction of the persons and property in controversy, has determined the rights of the litigants to the title or possession of real estate."

This court, in *Debenture Corporation v. Warren,* 9 Wash. 312 (37 Pac. 451), determined that the writ of assistance ought to issue in favor of the purchaser at a foreclosure sale. The court there had under consideration § 519, 2 Hill's Code, which is as follows:

" The purchaser from the day of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period."

The rule relative to possession under a decree foreclosing a mortgage in the absence of statutory regulation did not permit the purchaser after sale to take possession until the deed pursuant to the decree was executed and the title was finally consummated; but the statute above quoted and construed gave the right of possession immediately after sale, and upon the issuance of the certificate thereof. Such possession is evidently pending the completed foreclosure of the equity of redemption, and while the court still retains jurisdiction of the persons and property; but the same statute which regulates the right of possession of the purchaser in a decree of foreclosure also regulates the right of the redemptioner after such sale. Thus, after the sale, and until the period of redemption has expired, the right to possession of the premises is determined by the statute, and the power of the court to enforce this right by its writ continues until the title has finally passed under the decree.

And while it is true, as suggested by counsel for appellant, that neither the appellant nor respondent was formally named in the foreclosure suit, yet each is privy to original parties in the suit.  And this does not trench upon the principle stated in 2 Enc. Pl. & Pr., p. 979, that

"The writ will issue only against parties to the suit or their representatives, or those who came into possession under either of the parties while the suit was pending."

It may be observed that usually the writ of assistance rests in the sound discretion of the court, and it will be used only when the right is clear, and there is no appearance of equity in the defendant, or where there is not a *bona fide* contest relative to the right of possession.  But in this case the right of the redemptioner to the immediate possession of the premises seems clear.

The judgment is affirmed.

DUNBAR, ANDERS and FULLERTON, JJ., concur.