[No. 3302. Decided October 3, 1899.]

THE STATE OF WASHINGTON *on the Relation of William Hartman* v. SUPERIOR COURT OF THURSTON COUNTY *et al.*

WRIT OF ASSISTANCE—WHEN ISSUED ON FORECLOSURE—RIGHTS OF MORTGAGOR'S TENANT.

A tenant of a mortgagor, who was in possession of the premises under lease prior to the foreclosure of the mortgage thereon, and was not made a party to the suit, cannot be ousted of his possession by the issuance of a writ of assistance.

*Original Application for Prohibition.*

*J. W. Robinson* and *H. L. Forrest,* for relator.

*Troy & Falknor* and *M. A. Langhorne,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—On June 23, 1898, Anne J. Grattan commenced action in the superior court of Thurston county, Washington, to foreclose a real estate mortgage executed by Robert Wiggins and wife. Such proceedings were had in said action that in November, 1898, a decree was had foreclosing said mortgage and directing sale of the premises therein described. After sale and confirmation, plaintiff filed in said cause her petition for writ of assistance, praying that said writ issue to eject and remove said mortgagors and one William Hartman, relator herein, who, as petitioner claimed, had come into possession *pendente lite.* Upon the return day the relator, Hartman, appeared and moved the court to revoke and discharge the order as to him, on the ground that he had taken possession of said premises under a written lease from Wiggins and wife prior to the commencement of said foreclosure suit, was in possession of said premises and the whole thereof at the date when said foreclosure suit was begun, and had been ever since, and was then, in possession of said premises; that he had at great expense put crops on said premises during the year 1899, and that during all the months since the date of sale and until on or about the 1st of May, 1899, no one questioned his right of possession of said premises; that he was not a party plaintiff or defendant in or to the said foreclosure proceedings, and did not know until on or about the first day of May, 1899, that the plaintiff, Anne J. Grattan, claimed any right to the possession of said premises. The motion was denied, and an application for a writ of prohibition is applied for here.

The writ of assistance is of ancient origin. Its purpose always has been to place in possession parties who have obtained judicial title to real estate; and it is strenuously insisted by the respondents here that, if the writ could not issue in cases of this kind, it would have no office and would virtually drop out of existence. Many cases are cited to sustain the issuing of the writ, but on examination we are unable to see that they touch the point involved. The objection here is that the court had no jurisdiction to try the question raised by the relator, viz., that his right to the possession of this land was acquired prior to the commencement of the foreclosure proceedings. The writ of assistance can issue only to the parties to the prior action, or those claiming under them *pendente lite,* and this is all that is decided by any or all of the cases cited by the respondents. They are mostly meager decisions. The most voluminous and vigorous probably is *Schenck v. Conover,* 78 Am. Dec. 95. In reviewing the cases on this question, the court in that case cites the following language from Chancellor KENT in *Kershaw v. Thompson,* 4 Johns. Ch. 609:

"The distribution of power among the courts would be injudicious, and the administration of justice exceedingly defective and chargeable with much useless delay and expense, if it were necessary to resort, in the first instance, to a court of equity, and, afterwards, to a court of law, to obtain a perfect foreclosure of a mortgage. It seems to be absurd to require the assistance of two distinct and separate jurisdictions for one and the same remedy, viz., the foreclosure and possession of the forfeited pledge. But this does not, upon due examination, appear to be the case; and it may be safely laid down, as a general rule, that the power to apply the remedy is co-extensive with the jurisdiction over the subject-matter. A bill to foreclose the equity of redemption is a suit concerning realty, and *in rem;* and the power that can dispose of the fee must control the possession."

But it will be noticed that the learned chancellor did not go to the extent claimed for the writ by the respondents, and evidently recognized the fact that its true office was to summarily carry into execution judgments against parties to the action who will frequently refuse to remove from the premises after judgment of foreclosure has been obtained. It is the inconsistency of holding that another action must be brought against those parties against which the learned chancellor was inveighing, for he proceeds to say:

" The parties to the suit are bound by the decree; their interests and rights are concluded by it; and it would be very unfit and unreasonable that the defendant, whose right and title has been passed upon and foreclosed by the decree, should be able to retain the possession, in despite of the court. This is not the doctrine of the cases, nor the policy of the law."

Neither is there any questioning the announcement quoted in respondents' brief from Jones on Mortgages (5th ed.), § 1664, to the effect that "possession will be given to the purchaser not only as against all the parties to the suit, but also as against any persons who have come into possession under them pending the suit." The very object of the writ is to enforce rights which have already been judicially determined, partaking somewhat of the nature of an execution. But there is no claim here that the relator's rights have been determined. He was not a party to the foreclosure proceedings, and his allegation is that his rights attached prior to such proceedings. It is true this is denied by the answer, but that issue can be raised only after regular process with due time given, and when so raised upon that issue the relator is entitled to the judgment of a jury. Were it otherwise, the right of trial by jury would be, in a measure, destroyed, and the writ of assistance would largely usurp the office of an action in ejectment.

The writ of prohibition will issue as prayed for.

GORDON, C. J., and REAVIS, J., concur.

FULLERTON, J., dissents.