[No. 3311.   Decided November 10, 1899.]

THE STATE OF WASHINGTON *on the Relation of Sasie F. Montgomery,* v. THE SUPERIOR COURT OF KITTITAS COUNTY *and* JOHN B. DAVIDSON, *Judge.*

EXECUTIONS—SALE OF LANDS—RIGHT OF PURCHASER TO POSSESSION—
    MORTGAGEE'S RIGHT OF POSSESSION.

The purchaser of lands at an execution sale, which has been duly confirmed, is entitled to possession of the premises as against a mortgagee of the judgment debtor, who has been placed in possession pending the suit to enforce the lien of the judgment, to which the mortgagee is a party, since a mortgagee has no right to possession of mortgaged premises prior to foreclosure and sale, in the absence of a stipulation in the mortgage granting the right.

*Original Application for Prohibition.*

*Henry J. Snively,* for relator.

*Graves & Englehart,* for respondents.

The opinion of the court was delivered by

GORDON, C. J.—In February, 1891, John M. Montgomery (then unmarried) mortgaged the premises involved in this litigation to Barnes & McCandless. For the disposition of the present controversy, it may be assumed that that mortgage has not been paid. Subsequent to its execution the mortgagor and Sasie F. Montgomery (relator) intermarried, and are now husband and wife. In Decem-

ber, 1896, the husband executed to the relator a warranty
deed to the premises in question.   On January 4, 1897,
in an action then and theretofore pending in the superior
court of Kittitas county, in which action John P. Clerf
was plaintiff and John M. Montgomery and Sasie F. Mont-
gomery were defendants, the last mentioned conveyance
was adjudged fraudulent, and the land in question was
directed to be sold to satisfy the lien of plaintiff's judg-
ment.   Pursuant to that judgment and decree, the prem-
ises were, on March 22, 1899, sold to the said John P.
Clerf, plaintiff therein, and on May 8, 1899, the sale was
duly confirmed.   The relator alleges that on January 4,
1897, she purchased from Barnes & McCandless the mort-.
gage hereinbefore mentioned and the note secured thereby,
and received from said mortgagee an assignment thereof;
that on March 18, 1899, four days prior to the sale of the
premises under the judgment and decree heretofore men-
tioned, she entered into an agreement with her husband
whereby, for a valuable consideration, she was let into pos-
session of the mortgaged property, and in pursuance
thereof has continued as a mortgagee in possession.   In
June, 1899, John P. Clerf, the purchaser at the sale, ap-
plied to the superior court for a writ of assistance for the
purpose of placing him in possession of the premises.   The
relator herein, Sasie F. Montgomery, appeared and filed
her affidavit resisting the application for the writ, and this
affidavit was in turn replied to.   Thereafter the superior
court, over the objection of the relator, proceeded to fix a
time for hearing, without a jury, the questions raised by
the respective affidavits, and thereupon the relator applied
to this court for a writ of prohibition directed to the
superior court and the judge thereof, requiring him to
desist from further proceedings on the application for the
writ of assistance.

Since this application was made, all of the questions and contentions raised and urged in this proceeding have been determined by this court in the cases of *Hagerman v. Heltzel,* decided on September 9, 1899 (*ante,* p. 444), and *State ex rel. Hartman v. Superior Court of Thurston County,* decided on October 3, 1899 (*ante,* p. 469). The basis of relator's right in the present proceedings is that she is the holder of the unpaid mortgage upon the premises in question, which mortgage lien she asserts (and for present purposes it may be assumed) is paramount to the lien of Clerf's judgment. But her right to possession is not predicated upon any stipulation contained in the mortgage, and our law does not recognize the right of a mortgagee to possession of mortgaged premises prior to foreclosure and sale. Relator's agreement with her husband, made on March 18, 1899, was subsequent to the judgment and decree which awarded Clerf a lien and directed a sale. To that proceeding the relator here was, as we have seen, a party. The subsequent agreement between herself and her husband was, in legal contemplation, made with full knowledge of the lien of Clerf's judgment, and therein is the present case distinguishable from *State ex rel. Hartman v. Superior Court, supra.* It follows that upon her own showing, conceding everything that she alleges to be true, the relator is not entitled to the writ of prohibition. We are not called upon in this proceeding to determine any question of priority between relator's mortgage and Clerf's rights as purchaser under the sale. The remedy of a mortgagee under a valid mortgage is ample, and we decide nothing herein that is to be considered as interfering with relator's right to foreclose her mortgage, if it is a valid subsisting one. All that is decided is that her mortgage did not entitle her to possession of the premises, and that the agreement with the mortgagor for possession, made during the pendency of the suit to enforce the lien

of Clerf's judgment, is not enforceable against Clerf.
The writ is denied.

DUNBAR, REAVIS, FULLERTON and ANDERS, JJ., concur.