[No. 9465.   Department Two.   May 2, 1911.]

THE STATE OF WASHINGTON, *on the Relation of George R. Biddle, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*[1]

ASSISTANCE, WRIT OF—MORTGAGES—FORECLOSURE—PARTIES BOUND —PRIVIES. Upon the issuance of a certificate of sale on foreclosure, a writ of assistance may issue against one in possession as receiver in bankruptcy of the estate of the defendant, appointed pending the suit, although he was not made a party to the action, on the theory that the proceeding is *in rem* and he is bound as in privity with the mortgagor.

APPEAL—RIGHT TO APPEAL—WRIT OF ASSISTANCE—PRIVIES—RE-CEIVER IN BANKRUPTCY. A receiver in bankruptcy in possession of mortgaged premises may appeal from an order granting a writ of assistance or refusing to vacate it, although he was not a party to the foreclosure suit, since he is in privity with the mortgagor.

PROHIBITION—WHEN LIES—ADEQUATE REMEDY BY APPEAL. Prohibition does not lie to prevent the issuance of a writ of assistance, after a mortgage foreclosure, since there is an adequate remedy by appeal.

Application for a writ of prohibition, filed in the supreme court March 24, 1911, to restrain the superior court for King county, Main, J., from issuing a writ of assistance in foreclosure proceedings. Denied.

*Bausman & Kelleher*, for relator.

*A. A. Booth*, for respondent.

CHADWICK, J.—On March 24, 1911, this court, upon petition of the relator, issued an order directing the superior court of King county, Honorable John F. Main, judge, to show cause why a writ of prohibition should not issue, prohibiting and restraining him from issuing a writ of assistance in aid of a decree of foreclosure, rendered by him in a certain case then pending in the superior court of King county,

[1]Reported in 115 Pac. 307.

wherein J. T. Sullivan was plaintiff and H. W. Hawley was defendant.

The foreclosure proceeding was begun on August 18, 1910. The property was sold and bid in by the plaintiff Sullivan, who received a certificate of sale entitling him to the possession thereof. He found George R. Biddle in possession, as trustee in bankruptcy of the estate of H. W. Hawley. A petition in bankruptcy had been filed in July, 1910, and Biddle was appointed as trustee on August 20, and qualified as such on August 24, 1910. Upon this state of facts, the court below issued an order to show cause why a writ of assistance should not run; whereupon, the trustee, Mr. Biddle, came to this court. May 12, 1911, was fixed as the return day upon our order to show cause; and in the meantime, respondent, the superior judge, has appeared and moved to quash the proceeding upon the ground, among others, that the relator has a plain, speedy, and adequate remedy at law—the right of appeal.

The relator seeks to sustain this proceeding upon the theory that, inasmuch as he is in possession and was not made a party to that proceeding, the court cannot now issue a writ commanding him to obey its decree because of a lack of jurisdiction, and that, not having been made a party to the original action, he cannot appeal therein, and is hence forced to the writ of prohibition. We think this position is untenable. The foreclosure was a proceeding *in rem*. The court had jurisdiction of the subject-matter, and the rights of the plaintiff against Hawley and wife, and of all those claiming by, through, or under them, were or might have been adjudicated in that proceeding. If for any reason one asserting an interest in the property was not made a party, he might have been brought in at any stage of the proceedings and his rights adjudicated. The writ of assistance, being a writ in aid of the order or decree of a court of equity, there can be no difference in principle whether the one asserting an interest is brought in as an additional party, before decree or there-

after, on an order to show cause why the decree should not foreclose his asserted right.    In either event, he has his day in court, and his right can be as fully adjudicated as if he had been made an original party.    The result is the same.    If it appear that he is in privity with the mortgagor, the writ will run.    If it appear that he is not so in privity, or asserts an independent title, it should be denied; the issuance of the writ resting in the sound discretion of the court, and the test being that, "it will be used only when the right is clear and there is not appearance of equity in the defendant, or where there is not a *bona fide* contest relative to the right of possession."    *Hagerman v. Heltzel*, 21 Wash. 444, 58 Pac. 580.

In *Debenture Corporation v. Warren*, 9 Wash. 312, 37 Pac. 451, the court said:

"In our opinion the purchaser was entitled to possession upon demand any time after confirmation of the sale, upon presentation of a certificate from the sheriff, and that such being his right, and it being derived solely from the process of the court, it had jurisdiction to entertain a proceeding in the original action by which such rights could be secured."

So, in the case of *Hagerman v. Heltzel*, the writ was issued in aid of a redemptioner and against one holding under the certificate of sale.    Neither of the parties had been a party to the original foreclosure suit, and neither had acquired any interest in the land prior to the sale under the decree.    It was there contended that the parties should litigate their differences in an independent proceeding, and it was insisted that it was a deliberate attempt to substitute for the usual action at law a summary process issuing from a court of equity.    But this court held that, the parties being each in privity to the original parties to the suit, the proceeding was proper, and entertained an appeal.    The right to appeal, however, was not raised in that case; but we may assume that, if the court had been impressed with the fact that it had no jurisdiction, it would have so indicated; instead of holding,

as it did, that its decision did not in any way trench upon the general principle that the, "writ will issue only against parties to the suit or their representatives, or those who come into possession under either of the parties while the suit is pending." In *State ex rel. Montgomery v. Superior Court,* 21 Wash. 564, 58 Pac. 1065, the case of *State ex rel. Hartman v. Superior Court,* 21 Wash. 469, 58 Pac. 572, which is relied on by the petitioner, was distinguished, the court saying:

"The subsequent agreement between herself and her husband was, in legal contemplation, made with full knowledge of the lien of Clerf's judgment, and therein is the present case distinguishable from *State ex rel. Hartman v. Superior Court, supra.*"

We have no hesitation in holding that a trustee in bankruptcy takes with notice of an existing lien. In any event, the proceeding being *in rem*, and the relator having acquired an interest subsequent to the commencement of the foreclosure proceeding, and having been brought before the court by its due process, and in that sense made a party to the original proceeding, he has a right of appeal. "Orders granting or refusing writs of assistance are usually appealable." 2 Ency. Plead. & Prac., 985. Or, if the writ be issued *ex parte,* from an order refusing to vacate it. 4 Cyc. 298. While this rule is not universal, it is nearly so, and is certainly consistent with sound reason and orderly procedure.

Whatever the rights of the parties may be held to be in this or any other proceeding, we are satisfied from the record before us that an appeal lies from the order of the court granting the writ of assistance.

Motion to quash allowed.

DUNBAR, C. J., MORRIS, and CROW, JJ., concur.