[No. 21188.   *En Banc.*   October 25, 1928.]

DANA CHILD, *Respondent,* v. ROBY A. HILL, *Appellant.*[1]

*M. E. Mack,* for appellant.
*O. C. Moore,* for respondent.

[1]Reported in 271 Pac. 266.

BEALS, J.—This action was instituted by plaintiff to recover damages for personal injuries suffered by him as the result of being struck by an automobile, driven by defendant. The action was tried to a jury, and from a judgment entered upon a verdict in favor of plaintiff, defendant appeals.

In the first place, appellant assigns error based upon the overruling of his objections to certain questions propounded to prospective jurors upon their *voir dire;* respondent's attorney having been permitted to interrogate the members of the panel as to any possible connection on their part with any insurance or liability company. Appellant seasonably objected to this line of interrogation, and earnestly contends that the court erred in overruling his objections to the questions propounded. In view of the decisions of this court in the cases of *Hoyt v. Independent Asphalt Paving Co.,* 52 Wash. 672, 101 Pac. 367, and *Armstrong v. Yakima Hotel Co.,* 75 Wash. 477, 135 Pac. 233, we cannot say that the trial court committed reversible error in allowing the prospective jurors to answer the questions to which appellant objects; as it does not appear that the particular circumstances bring the case within the rule stated in the cases of *Stratton v. Nichols Lumber Co.,* 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881; *Moy Quon v. Furuya Co.,* 81 Wash. 526, 143 Pac. 99; *Jensen v. Schlenz,* 89 Wash. 268, 154 Pac. 159; *Lucchesi v. Reynolds,* 125 Wash. 352, 216 Pac. 12.

The testimony discloses that respondent, a resident of the city of Spokane, attempted to cross Trent street from north to south at its intersection with Stevens street, on the east side of the intersection; that he, accompanied by his wife, stepped into the street and had proceeded almost to the center thereof when he was struck by appellant's automobile, suffer-

ing the injuries to his left knee of which he complains. Appellant contends that the testimony shows that respondent was guilty of such contributory negligence as to bar his recovery, and that for that reason the judgment entered in his favor should be reversed and the action dismissed.

Respondent testified that, as he stepped into the street, he looked to the east and observed appellant's car coming towards him about two-thirds of a block away. He continued on his way across Trent street and stated that he again, after stepping into the street, noticed appellant, estimating appellant's distance from him the next time he observed him as "perhaps fifty feet." Respondent continued on his way and collided with appellant's car at a point between the street car rails of the northerly track on Trent street. It appears that respondent was crossing the street at the regular crossing, where he had the right of way over the automobile driven by appellant. Under these circumstances, we cannot say, as a matter of law, that respondent was guilty of contributory negligence, and the trial court properly ruled in respondent's favor upon that question and submitted the issues on the question of negligence to the jury.

The court instructed the jury that an ordinance of the city of Spokane contained, *inter alia,* the following provision:

"Every motor vehicle shall be equipped with a suitable bell, horn or other suitable device to be rung or blown as a warning wherever there is danger of collision or accident";

and followed this with an instruction to the effect that, if appellant so operated his automobile at the time and place of the collision as to violate any ordinance of the city of Spokane, and that if such violation on the part of appellant was the proximate cause of the injuries,

if any, to respondent, and that, if respondent himself was free from contributory negligence, then the verdict of the jury must be in favor of respondent.

Appellant contends that this instruction was error in so far as it refers to the blowing of a horn or the giving of a warning signal, as respondent stated repeatedly that he saw appellant approaching both when he, respondent, first stepped into the street and later when appellant was approximately fifty feet away from him; and that, therefore, respondent was fully advised of the fact that appellant's automobile was approaching the street intersection which respondent was crossing, and the sounding of a horn by appellant could have given respondent no further notice of appellant's approach than respondent already had. In the case of *Walker v. Butterworth,* 122 Wash. 412, 210 Pac. 813, it was held error for the trial court to submit to the jury the question of whether or not the driver of an automobile sounded his horn, as there was nothing to indicate that had the horn been sounded it would have been of any assistance in averting the collision.

We conclude that, in view of the positive testimony of respondent and of his wife, who testified as a witness on his behalf, that they both, when they first stepped into the area of Trent street, saw appellant's car approaching and observed it thereafter and knew that it was continuing on its way, the fact of whether or not appellant sounded his horn was immaterial, and that the trial court erred in submitting that issue to the jury.

The court also instructed the jury that one with an impaired or defective vision nevertheless had the right to use the public streets. As respondent testified that he could see an ''object'' a block away,

and that he saw appellant's automobile about two-thirds of a block away as the same was approaching, the propriety of the instruction given upon this point is very questionable; as, according to respondent's own testimony, his vision, even though imperfect, was entirely adequate to afford him seasonable warning of the approach of appellant's car.

Other errors urged by appellant need not be discussed, as the matters upon which they are based are unlikely to arise on a retrial of the action.

For the reasons assigned, the judgment appealed from is reversed, with directions to the trial court to grant appellant's motion for new trial.

MAIN, ASKREN, MITCHELL, FRENCH, and PARKER, JJ., concur.

TOLMAN, J. (dissenting)—I am unable to agree with the theory of the majority upon which the judgment is reversed. In my opinion, a pedestrian on a street crossing, having the right of way and being fully aware of an approaching automobile fifty feet away or thereabouts, may rely upon his right of way and assume that the driver of the automobile will respect that right and avoid striking him; or that, if the driver finds he cannot so avoid striking the pedestrian, still the pedestrian has the right to assume that he will be given timely warning by the sounding of the automobile horn so that, by the exercise of his own agility, he may escape the danger. Especially is this true as a pedestrian approaches the middle of the street where his attention must necessarily be diverted to ascertain if there is danger to him from traffic approaching from the opposite direction. No other rule, it seems to me, gives proper effect to the pedestrian's superior right of way; but, if I am wrong in this, at least under the circumstances of this case the instruc-

tion complained of was not prejudicial. In my opinion the judgment should be affirmed.

FULLERTON, C. J., and HOLCOMB, J., concur with TOLMAN, J.