[No. 23167. Department Two. November 24, 1931.]

S. O. STOKES, *Respondent,* v. MAGNOLIA MILLING COMPANY, *Appellant.*[1]

*Ralph S. Pierce* and *Kenneth G. Smiles,* for appellant.

*John F. Dore,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries. The cause was tried to a court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of one thousand dollars. The defendant moved for judgment notwithstanding the verdict, and, in the alternative, for a new trial, both of which motions were overruled. Judgment was

[1]Reported in 5 P. (2d) 339.

entered upon the verdict, from which the defendant appeals.

The facts, as the jury had a right to find them from the evidence offered by the respondent, may be summarized as follows: The accident out of which the litigation arose happened at the intersection of west Eighty-fifth street and Third avenue N. W., in the city of Seattle, on September 16, 1929, at about 4:30 o'clock in the afternoon. Third avenue N. W. extends north and south, and west Eighty-fifth street east and west. Third avenue N. W. was an arterial highway, and at the southwest corner of the intersection there was a stop sign.

The respondent was proceeding east along the south side of Eighty-fifth street in a Ford truck driven by H. M. Brown. A Mack truck, owned by the appellant and driven by one of its employees, was proceeding west on the north side of Eighty-fifth street, approaching the intersection. The driver of the Mack truck, before he reached the intersection, extended his left arm as an indication that he was going to make a turn to the left and proceed down Third avenue N. W. The driver of the Ford truck and the respondent both saw the arm of the driver of the Mack truck extended, indicating his intention to turn, and the driver of that truck testified that he extended his arm to the left, indicating his intention to turn, about one hundred feet before he reached the intersection. The truck in which the respondent was riding entered the intersection at low speed, and, believing that the Mack truck was going to make the turn, the driver of the Ford truck swung to the left, and, as he did so, the driver of the Mack truck suddenly turned that truck to the right and the two vehicles collided head-on, or practically so. The collision occurred in the southwest portion of the intersection.

The evidence offered by the appellant presents an entirely different version of the manner of the happening of the accident.

The appellant complains of two instructions given by the court in submitting the case to the jury. In instruction No. 8, the jury were told that any act done in violation of either the state law or the ordinances of the city of Seattle was in itself negligence, and if such negligence was the proximate cause of injury to another, the violator of such law would be liable for such injury, unless the injured party was at such time guilty of contributory negligence. In instruction No. 9, the jury were told that it was provided by the state law and the city ordinances that it was the duty of every person operating a vehicle along a public street and approaching any intersection of a street with the intention of turning thereat to the left, to extend his arm in a horizontal position from the left side of such motor vehicle for a reasonable length of time and such signal should commence at a point not less than fifty feet before the turn was to be made. The particular complaint against the instructions is that they, in effect, submitted to the jury the question of whether the driver of the appellant's truck extended his left arm as he approached the intersection, intending to turn to the left, as required by law, when there was no issue on that question.

It has been repeatedly held by this court that, where the trial court, in submitting the case to the jury, submits an issue about which there is no controversy, or upon which there is no substantial testimony, such instruction is prejudicially erroneous. *Child v. Hill,* 149 Wash. 468, 271 Pac. 266; *Burge v. Anderson,* 164 Wash. 509, 3 P. (2d) 131. Other cases to the same effect might be cited, but there is no occasion here to multiply

the citation of authorities upon a proposition which is definitely settled.

On the other hand, if the trial court, in submitting a case to the jury, merely states abstract propositions of law, correct in themselves, upon an issue about which there is no controversy, or upon a question where there is no substantial testimony, and does not submit any issue which is not in controversy or any question upon which there is not substantial testimony, the instructions are not prejudicially erroneous, unless their tendency is to confuse or mislead the jury. *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200; *Tenneson v. Kadiak Fisheries Co.,* 164 Wash. 380, 2 P. (2d) 745. Upon this proposition, also, other cases might be cited.

The question then is: Within which rule do the instructions in the case now before us about which there is complaint, fall? As we read the instructions, we do not find that, whether considered separately or in conjunction, they submitted any issue to the jury about which there was no controversy, or any question upon which there was no substantial evidence. They are mere abstract propositions of law, and, when taken into consideration with all of the instructions given, the jury could not have been misled by them. They fall within the rule of the cases of *Gabrielsen v. Seattle* and *Tenneson v. Kadiak Fisheries Co., supra,* and the giving of them was not prejudicial error.

It is further said that the court should have sustained the appellant's motion for judgment notwithstanding the verdict. If the testimony offered by the respondent correctly presented the facts, the jury had a right to conclude that the driver of the Mack truck was guilty of negligence which was the proximate cause of the injury. If the evidence offered by the appellant correctly presented the facts, then there

was no liability. The facts being in dispute upon the testimony offered by the respective parties, the question was one for the jury's determination.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.