[No. 23337. Department One. April 26, 1932.]

DAVE PARTON, *Respondent*, v. ROBERT BARR *et al.*, *Appellants.*[1]

[1]Reported in 10 P. (2d) 566.

*Edgar P. Reid,* for appellants.

*E. D. Germain* and *W. H. Sibbald,* for respondent.

MITCHELL, J.—A collision between automobiles of the respective parties to this action caused this litigation. The collision occurred at the intersection of the Pacific highway, an arterial highway, and Rose Valley road, a county road, in Cowlitz county, on the afternoon of the 25th day of July, 1930.

The pleadings contain the rather usual allegations of negligence and contributory negligence, each of which was denied by the one upon whom it was charged. A trial before a jury resulted in a verdict for the plaintiff. The defendants have appealed from a judgment on the verdict.

The county road, running westerly, intersects the Pacific highway, which may be spoken of as the highway, at almost right angles, and for an appreciable distance spreads out perceptibly and increasingly on each side before and as it reaches the highway. A "Stop" sign on the county road was appropriately situated a reasonable distance from the pavement on approaching the highway. Respondent was driving south on the highway, Frank Johnson riding with him. Robert Barr, the appellant, was driving west along the county road and into the highway, thence turning south along the highway, other persons riding in the car with him. The collision occurred on the pavement of the highway near the south line of the intersection as defined by the flared line of the county road.

One of the charges of negligence was that Robert Barr, in driving, "negligently and unlawfully entered the Pacific highway, which is an arterial highway, without stopping before entering the same as by law required." At the close of the taking of all the testi-

mony, the appellants moved that this charge of negligence be stricken from the consideration of the jury for failure of proof. The motion was denied. Thereafter, in relation to the same matter, the court instructed the jury in substance and effect, among other things, that the law provides that the driver of a motor vehicle entering an arterial highway from a public road shall come to a full stop thereat when and where sign posts or other markers so direct; and that if, from a preponderance of the evidence, it appeared that Robert Barr was guilty of negligence in this respect, and that the same proximately contributed to the injuries suffered by the plaintiff, the plaintiff would be entitled to recover, unless the plaintiff was at the same time guilty of contributory negligence.

Specific exceptions were taken to these instructions, repeating the contention of the appellants that there was a failure of proof to sustain the allegation that Barr did not stop before entering upon the highway. The denial of the motion to strike that issue and the giving of the instructions excepted to, are together assigned as constituting prejudicial error.

It is admitted in respondent's typewritten supplementary brief that he offered no testimony on the point by anyone other than that of himself and Johnson. After Parton testified that he was driving south on his side of the pavement and saw Barr approaching from the east, his testimony was as follows:

"Q. As you drive into the intersection or towards the intersection of the Rose Valley highway, where did you first see Mr. Barr's car? A. As I entered the opening space here about, oh, I should judge, proceeding—It is pretty hard to exactly estimate—along about the center of the opening here, I noticed the flash of a car around here, and as I seen that flash sideways I sheered to the right to avoid being hit, and as they were—there was nothing for me to do but

swerve to the right, and crashed together; that is all there was to it.''

And, at the request of counsel, the witness marked on an exhibit in the case the location of Barr's car when he first saw it, showing that it was already on the pavement.

Johnson, after testifying respondent's car in which he was riding was going thirty miles an hour, upon referring to the exhibit and marking points thereon, testified that Barr was already about the center of the pavement and considerably south of the center of the intersection when he first saw him, and then in answer to a question testified as counsel quotes in his brief: ''Barr's car was traveling pretty near as fast as we were . . . darted right out.''

Counsel for respondents say that, by fair inference, that statement of the witness shows that Barr did not stop before entering upon the arterial highway. But counsel fail to take into consideration the fact that Johnson testified on a prior occasion, in an action brought by himself growing out of this same accident, and that, after giving the testimony just referred to in the present case, he testified on cross-examination and finally as follows:

''Q. You testified in this case, in which you were plaintiff, on about the 16th day of October last, did you not? A. Yes. Q. In your testimony I will ask you if you were not asked by Mr. Germain, your counsel, this question, and if you did not give this answer: 'Q. *Did you see Barr's car long enough to estimate the speed at which it was traveling?*' and then you answered, '*Well, that I could not say.*' Was that question asked and was that answer given by you? MR. SIBBALD: That is, if he can recollect? A. I hardly remember. Q. How is that? A. I hardly remember. MR. REID: Does the jury hear what he says? Q. Was that question asked and did you give that answer? A. As to—regarding speed? Q. Yes. A. Didn't I

testify the speed of the car was about our rate? Q. No, you didn't. I will ask you to look at it and see if that is not your testimony. Here are the questions. Was that question asked you? A. *If that is the answer I made it must have been true.* Q. Do you say you did not make it? A. No. Q. Do you say you did make it? MR. SIBBALD: He said he must have, if it is there, and that is far enough. MR. REID: You know it is not far enough. It is evasive. MR. SIBBALD: If you have it there. MR. REID: I will bring on Mrs. Brawford to prove it. THE COURT: Proceed. Q. Do you admit that question was asked and that answer made? A. If that is the answer I made. MR. REID: I move that answer be stricken. MOTION GRANTED. Q. *Do you admit that question was asked you and that you gave that answer, yes or no?* A. *Yes.* MR. REID: All right, that's all."

Though negligence in this respect was alleged in the complaint and referred to in the instructions defining the issues, there was no testimony, worthy of the name, to support it. Failure to introduce testimony to support the allegation amounted to an abandonment of the issue, and it was reversible error to submit it.

In *Stokes v. Magnolia Milling Co.*, 165 Wash. 311, 5 P. (2d) 339, it was said:

"It has been repeatedly held by this court that, where the trial court, in submitting the case to the jury, submits an issue about which there is no controversy, or upon which there is no substantial testimony, such instruction is prejudicially erroneous. *Child v. Hill*, 149 Wash. 468, 271 Pac. 266; *Burge v. Anderson*, 164 Wash. 509, 3 P. (2d) 131. Other cases to the same effect might be cited, but there is no occasion here to multiply the citation of authorities upon a proposition which is definitely settled."

Further complaint is made of the instructions given, because they failed to state to the jury that Barr had the right to assume that the Parton car would not exceed the speed limit fixed by law, and that before en-

tering the intersection the speed would be reduced. But, assuming the rule applicable, we find no assignment of error to justify the argument.

Under other assignments, appellants contend that the evidence was insufficient to take the case to the jury on the question of the negligence of the appellants; and also that it should be held, as a matter of law, that respondent was guilty of contributory negligence of the kind and to the extent of depriving him of any right to relief. But, upon consideration of Barr's estimate of the speed of his car after he got onto the pavement; the pronounced conflict in the testimony as to the distance Parton's approaching car was from Barr when the latter first saw it, or could have seen it; Barr's line of vision of the Parton car after he first saw it and the amount of attention, if any, he paid to it thereafter; the pronounced conflict in the testimony as to the speed at which Parton was driving his car, greatly excessive according to nearly or quite all of the proof; Parton's line of vision of the other car and his distance from it when he first saw it or could have seen it; the amount of attention, if any, he paid to the other car thereafter; and other facts and circumstances which need not be set out; altogether, in our opinion, make the case one for the jury.

There are other assignments of error which are either peculiar to the trial had and will not occur again, or are made unnecessary of further consideration because of the new trial hereby directed, on account of reversible error in submitting to the jury the charge that appellant Barr negligently entered the arterial highway without stopping before entering it.

Reversed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.