[No. 24847. Department One. March 8, 1934.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK FRANDSEN *et al., Appellants.*[1]

[1]Reported in 30 P. (2d) 371.

*Lawrence Seltzer* and *Irvin Goodman,* for appellants.

*Robert M. Burgunder, Emmett G. Lenihan,* and *John F. Walthew,* for respondent.

MAIN, J.—In the information in this case there are named sixteen defendants. The information contains three counts. In the first, the defendants were charged with the crime of riot; in the second, with interfering with a public officer; and in the third, with assault in the second degree. Eleven of the defendants, who were convicted, appeal from the judgment and sentence imposed.

No statement of facts has been brought to this court. The case is here upon the clerk's transcript and a bill of exceptions which contains none of the evidence introduced upon the trial.

The trial covered a period of approximately eighteen days. The jury retired July 6, 1933, at about three o'clock p. m. The following day, or July 7th, they sent the following interrogatory to the court, which was signed by the foreman:

"Discussion has come as to when the property ceased to be the home of the Frandsens. In other words, did Orland Frandsen have the right to enter the house after the deputies came."

July 8th, or the day following the sending of the interrogatory and at about one o'clock p. m., the court gave to the jury an additional written instruction in the presence of all of the defendants and their counsel, as follows:

"The jury through its foreman has addressed the following interrogatory to the court:

" 'Discussion has come as to when the property ceased to be the home of the Frandsens. In other

words, did Orland Frandsen have the right to enter the house after the deputies came.'

"You are instructed as a matter of law that when a Sheriff receives a Writ of Assistance, duly made and entered by the Superior Court, commanding him to deliver the possession of premises therein described to a particular individual, and to evict therefrom other individuals who have previously been in possession, and all persons claiming by, through or under them, or who are in possession of the premises, the Sheriff and his deputies have the right and the duty, thereupon and forthwith, to serve and execute such process and mandate of the court.

"In doing so, the Sheriff and his deputies have the right to expel therefrom anyone and everyone of the last-named class of persons whom they may find on or in the premises. The Sheriff and his deputies have the further right to themselves take possession of the premises for the purpose of removing furniture or other personal property by virtue of said writ, and while the Sheriff and his deputies are in possession as aforesaid, they have the right to absolutely exclude any and all persons from entering or reentering said premises and to prevent the same by the use of such force as may be reasonably necessary as elsewhere defined to you in the court's instructions.

"Under the aforementioned circumstances, anyone attempting to interfere with such possession by the Sheriff and his deputies, or to enter the premises in disregard of such possession by the Sheriff and his deputies and by the use of force would be a trespasser and would be guilty of an unlawful act."

All of the objections made upon the appeal relate to the giving of this instruction. In considering the questions presented, we shall follow the order in which they appear in the brief of the appellants.

■ It is first contended that the sheriff, under a writ of assistance, had no legal authority, as the instruction states,

". . . to evict therefrom other individuals who have previously been in possession, and all persons claiming by, through or under them, or who are in possession of the premises,"

because it is said that such writ can only be executed against the "person or persons named therein."

A writ of assistance cannot lawfully be executed against a person in possession of the premises at the commencement of the action out of which it issued and who was not made a party to that action. *State ex rel. Hartman v. Superior Court,* 21 Wash. 469, 58 Pac. 572; *State ex rel. Montgomery v. Superior Court,* 21 Wash. 564, 58 Pac. 1065. Such writ, however, may be executed not only against the parties defendant in the action out of which the writ arose, but also against all persons claiming by, through and under them and against strangers or intruders. *Howard v. Kennedy's Ex'rs.,* 4 Ala. 592, 39 Am. Dec. 307; *Leese v. Clark,* 29 Cal. 665; *Powell v. Lawson,* 49 Ga. 290; *Clark v. Parkinson,* 10 Allen (Mass.) 133, 87 Am. Dec. 628; Freeman on Executions, 3d ed., § 475; *Hagerman v. Heltzel,* 21 Wash. 444, 58 Pac. 580.

The difference between the last case cited and the cases of *State ex rel. Hartman v. Superior Court,* supra, and *State ex rel. Montgomery v. Superior Court,* supra, is that, in the *Hagerman* case, it was held that the writ could be executed against one who was a privy to the original parties to the suit; while in the other cases it was held that the writ could not be executed against parties in possession prior to the beginning of the action out of which the writ had issued and who were not made parties thereto.

In the case now before us, the evidence not being here, there is nothing from which it could be inferred that the appellants or any of them, other than the parties named in the writ, were in possession at the

time the action out of which the writ issued was commenced, and therefore the rule first stated can have no application. As charged in the information, each of the defendants had assembled at the place where the writ of assistance was to be executed for the purpose of obstructing and preventing the execution of a writ by the sheriff. The court will not assume a fact, and upon that assumption predicate error in the giving of an instruction. The instruction was a correct statement of the law in the absence of a showing that the appellants were tenants in possession at the time the action was commenced out of which the writ issued. It has not only the support of the authorities above cited, but many others that might be assembled.

█ It is next contended that, since the instruction ". . . devoted approximately twenty-two lines to the rights and duties of the sheriff or deputy in preventing wrongful entry and approximately one line to the limitation of the amount of force which the sheriff or deputy would be justified in using to prevent such entry,"

it unduly emphasized a particular issue.

We find no merit in this contention. The interrogatory which the court was called upon to answer required a statement of the law as to the right and duty of the sheriff in executing the process, and to cover this intelligently naturally required devoting the greater portion of the instruction thereto. In addition to this, that part of the instruction in which the jury was told that the sheriff had the right to use such force as was reasonably necessary specifically referred to the matter as defined in the instructions elsewhere given by the court. The instruction to the effect that the sheriff had a right to use such force as was reasonably necessary in the execution of the writ was a correct statement of the law. *Howe v. Butterfield,* 4 Cush-

ing (Mass.), 302, 50 Am. Dec. 785; 57 C. J. 786. The instruction was not subject to the objection that it unduly emphasized a particular issue.

It is next contended that that portion of the instruction which says that anyone attempting to interfere with the possession of the sheriff or his deputies ''would be a trespasser and would be guilty of an unlawful act,'' was erroneous. It is said that, under this instruction, the appellants ''might be found guilty of a crime outside the record and for which appellants were not tried.'' This criticism of the instruction is not well founded. It says no more than that no one would have a right to interfere with the possession of the officer. An instruction which states correctly an abstract proposition of law, but does not submit an issue to the jury which was not presented upon the trial, does not call for a reversal. *Stokes v. Magnolia Milling Co.,* 165 Wash. 311, 5 P. (2d) 339; *Parton v. Barr,* 168 Wash. 60, 10 P. (2d) 566. The instruction, as a matter of law, was unequivocally correct.

It is next contended that, since the interrogatory inquired with reference to Orland Frandsen, the instruction given should have been limited to that particular party. When the court received the interrogatory, it had a right to instruct the jury in any manner that it saw fit, and, if the instruction given was correct, as a matter of law, there is no just ground for complaint. Whether there were other parties to the action in the same situation as Orland Frandsen, we have no way of knowing. The court undoubtedly gave the instruction in such form as was applicable to all of the parties that were in the same situation as Frandsen, if there were such.

We see no objection to the instruction in any of the particulars of which complaint is made.

564

Finally, it is contended that it was error for the court to give the instruction complained of ''after the jury had been deliberating approximately two days.'' The answer to this contention will be found in *State v. Linden,* 171 Wash. 92, 17 P. (2d) 635, where it was held not to be error for the court, of its own motion, to recall the jury after they had been deliberating for approximately two days and give an additional instruction.

The judgments appealed from will be affirmed.

BEALS, C. J., MITCHELL, MILLARD, and STEINERT, JJ., concur.

[1]Reported in 30 P. (2d) 379.