Submitted on briefs September 16; affirmed September 29, 1942

## HOME OWNERS' LOAN CORPORATION *v.* BLANCHARD ET AL.

(129 P. (2d) 286)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Lee A. Ellmaker,* of Portland, for appellant.

*Reynolds, Flegel & Smith* and *William H. Hedlund,* all of Portland, for respondent.

KELLY, C. J. The question here is whether the trial court erred in vacating an order theretofore made which restrained the sheriff of Multnomah county from executing the writ of assistance herein.

No testimony is before us. The case was instituted on July 19, 1940, by plaintiff against Bertha L. Blanchard, Ralph A. Blanchard, her husband; Flo L. Gilliland, unmarried, and Etta Bloom, unmarried. The cause of suit is the alleged breach of the covenants set forth in a mortgage upon the real property in suit. This mortgage was executed on the 25th day of September 1935 and was recorded on the 9th day of October 1935 in Book 334 of the Records of Mortgages of Multnomah County, State of Oregon, on page 214 thereof.

Defendants, Flo L. Gilliland and Etta Bloom, made default which was entered of record on September 30, 1940.

On October 4, 1940, defendants Bertha L. Blanchard and Ralph A. Blanchard filed an answer herein.

On the 23d day of April 1941 a stipulation was executed and on April 24, 1941, the same was filed herein. Omitting the title, number of the cause and signatures, said stipulation is as follows:

"It is hereby stipulated and agreed by and between plaintiff by Reynolds, Flegel and Smith, its attorneys, and the defendants, Bertha L. Blanchard and Ralph A. Blanchard, her husband; Flo L. Gilliland and Etta Bloom, defendants, by Albert A. Asbahr, their attorneys, that the answer heretofore filed herein by said defendants above named may be considered and treated as withdrawn by them and that plaintiff may at any time hereafter enter a judgment and decree of foreclosure of its mortgage sued upon in the above entitled suit in

accordance with the prayer of its complaint filed herein the same as if said defendants had failed and neglected to appear or answer in this suit.

Dated April 23d, 1941.''

On April 24, 1941, a decree was made and entered in accordance with said stipulation.

Execution was issued on June 2, 1941, sale thereon was had, at which sale plaintiff became the purchaser of the real property in suit.

An order confirming said sale was entered on June 13, 1941.

On September 19, 1941, a motion was filed for an order directing the clerk of the trial court to issue a writ of assistance herein. This motion was supported by the affidavit of Mr. William H. Hedlund, of counsel for plaintiff, wherein, among other things, it is stated:

''* * * * * I personally called at 7828 S. E. 28th Avenue, Portland, Oregon, the location and site of the property under foreclosure in this court and cause, and found in possession thereof the defendant Flo L. Gilliland, to whom I revealed myself as being one of the attorneys in this matter and the representative of the Home Owners' Loan Corporation, whereupon said Flo L. Gilliland invited me into said dwelling and I then and there discussed with her the status of the foreclosure in this matter and exhibited to her personally and in person the said Sheriff's certificate of sale issued herein and thereupon demanded of and from her the full, complete, and immediate possession of said premises for and on behalf of the Home Owners' Loan Corporation; that so far as I know, she was the only one of said defendants who was then and there in possession of said premises; that she informed me that certain other of the defendants in this suit

were now living in California; that I requested that the defendants quit and vacate said premises forthwith; that the said defendant Flo L. Gilliland then and there refused and declined for and on behalf of herself and the other defendants to give up or surrender said premises or any part thereof; that she still remains and now is in full possession thereof on behalf of herself and the other defendants in this suit, and that she and they intentionally and willfully withhold possession thereof against and from the plaintiff above named, and that she and they intend to and will continue to withhold possession thereof of and from the plaintiff until she and the other defendants above named are ejected, removed, and displaced therefrom by the Sheriff of Multnomah County, State of Oregon, as is provided in the decree of foreclosure entered herein and the statutes of the State of Oregon in such cases made and provided; * * *.''

On September 20, 1941, an order was made directing said clerk to issue a writ of assistance.

On September 24, 1941, an order was made by the trial court directing said sheriff to refrain from executing said writ of assistance until further ordered. This last mentioned order was made upon motion of appellant herein, which motion was supported by the affidavit of Walter Ake. Omitting the venue, the signature and the jurat, said affidavit is as follows:

"I, Walter Ake, after first being sworn depose and say that I am the attorney for Joan Gilliland, a person who entered into a lease on the first day of April, 1940 with R. A. Blanchard and Bertha L. Blanchard, for the period of twenty-four (24) months therefrom, for the premises and the household furniture, goods and chattel at the dwelling located at 7828 S. E. 28th Avenue, Portland, Oregon. Joan Gilliland and F. L. Gilliland were,

according to the lease, to pay the sum of Fifty and no/100 Dollars ($50.00) per month, as rental for this residence and the furniture therein contained. That this lease was recorded in Deed Records, on the 2nd day of June, 1941 on Book 610, Page 397, and that the said Joan Gilliland and F. L. Gilliland have been in possession of said premises since the 1st day of April, 1940 and are now in possession of said premises.

That there has been a Writ of Assistance issued in this cause and if allowed to be executed upon and eviction had, by the Sheriff of Multnomah County, will work immeasurable damages to the said Joan Gilliland.

That the instrument upon which this Affidavit is based is in my possession.''

Following a hearing by the trial court upon appellant's said motion, the order was made from which this appeal is prosecuted.

Omitting the title and number of the cause, said order is as follows:

"This cause coming on regularly for hearing upon the motion of one Joan Gilliland to restrain the execution of the writ of assistance heretofore duly and regularly issued in the above entitled suit, the plaintiff herein appearing by Newton C. Smith and William H. Hedlund, of its attorneys, and the said Joan Gilliland appearing by Walter Ake, her attorney, and the court having duly heard and considered said motion and the affidavit filed in support thereof and the oral testimony by the defendant, Flo L. Gilliland, and having heard and considered the statements and arguments of counsel, and being now fully advised in the premises, hereby finds therefrom that the said moving party, Joan Gilliland, is not in possession of the said premises which is the subject of this suit, or any part thereof, and that she does not now have any

property or belongings therein; that the sole and only person at the time of the issuance of said writ of assistance in possession of said premises was the defendant, Flo L. Gilliland, who was regularly made a party to this suit, and whose rights and interest in the property involved herein were duly foreclosed and terminated; that the purported lease, allegedly dated April 1, 1940, and under which said moving party, Joan Gilliland, attempts to claim and assert possession in the premises in question has not established to the satisfaction of this court that said lease was executed on said date or that it was executed by the parties thereto other than the defendant, Flo L. Gilliland, or that the same constitutes or is a valid lease of the premises and property which it purports to cover; that no satisfactory evidence was produced by said moving party that any rental or consideration was paid by any body in pursuance of said alleged lease; that the only person owning or claiming any personal property in or upon the said premises in question here is the defendant, Flo L. Gilliland, who is now in possession of said premises, and the defendants, Bertha L. Blanchard and Ralph A. Blanchard, her husband; that said alleged lease was not executed with the formalities required by law so as to entitle it to be recorded in the deed records of this county, and that the attempted recording thereof on June 2, 1941, the date of the sheriff's sale under execution of the property involved herein, was contrary to the recording statutes; that the court hereby finds that said alleged lease was fraudulent and void and of no force or effect so far as the plaintiff in this suit is concerned; that it was merely an attempt on the part of the said moving party, Joan Gilliland, and the defendants in this suit to retain possession of said premises notwithstanding the foreclosure of plaintiff's mortgage thereon; that the equities in this matter are with the plaintiff and that the execution of said writ of assistance

should not be stayed or restrained, and that the previous order of this court to that effect should be set aside, cancelled and held for naught; that the Sheriff of Multnomah County shall proceed to execute said writ of assistance and put the plaintiff in possession of said premises if the defendants herein and said Joan Gilliland have not vacated and quit said premises on or before ten (10) days from September 29, 1941;

Now, Therefore, it is Hereby Ordered, Adjudged and Decreed that that certain order of this court heretofore entered in the above entitled court and cause on September 24, 1941, restraining the Sheriff of Multnomah County, State of Oregon, from executing and carrying out the writ of assistance which had been previously issued in this matter be and the same is hereby set aside, vacated and held for naught;

It is Further Ordered, Adjudged and Decreed that if the above named defendants, and each and all of them, and all persons claiming by, through or under them, have not on or before ten days from September 29, 1941, removed all of their property and effects from the premises in question here and delivered up possession of said premises to the plaintiff, that then said Sheriff shall forthwith proceed to put the plaintiff in the full and complete possession of said premises, and each and every part thereof, and execute and carry out said writ of assistance according to its terms."

Aside from a document in the form of a lease, we have no other record, than as above indicated, upon which to determine whether the final order of the trial court was in accordance with the testimony or not. In that state of the record the decree of the trial court is presumed to be correct.

As shown by the affidavit of Mr. Ake, the purported lease under which appellant claims the right of pos-

session purports to have been executed almost five years after the mortgage in suit, and more than four years after said mortgage had been recorded.

With respect to two propositions of law, appellant relies upon the case of *State ex rel. Hartman v. Superior Court of Thurston County et al.*, 21 Wash. 469, 58 P. 572.

Those two propositions are:

1st. The right of trial by jury is abrogated, if the party, against whom a writ of assistance is directed, does not have due notice and the right to a trial by jury; and

2nd. A writ of assistance can only be issued when the rights of the respective parties against whom the writ has been directed has been fully adjudicated in the principal suit.

The record before us does not disclose the names of the parties, if any, which are set forth in the writ of assistance as those against whom the writ has been directed.

■ Assuming, however, that by implication appellant is a party against whom the writ was issued, we think that the doctrine of *State ex rel. Hartman v. Superior Court of Thurston County*, supra, has been amplified by the supreme court of Washington so that a writ of assistance may be executed against one who was a privy to the original parties to the suit. *Hagerman v. Heltzel*, 21 Wash. 444, 58 P. 580.

This distinction is noted in a comparatively recent case decided by the supreme court of Washington. In the opinion in that case, we find the following statement:

> "A writ of assistance cannot lawfully be executed against a person in possession of the premises at the commencement of the action out of which it

issued and who was not made a party to that action. State ex rel. Hartman v. Superior Court, 21 Wash. 469, 58 P. 572; State ex rel. Montgomery v. Superior Court, 21 Wash. 564, 58 P. 1065. Such writ, however, may be executed not only against the parties defendant in the action out of which the writ arose, but also against all persons claiming by, through and under them and against strangers or intruders. Howard v. Kennedy's Exrs. 4 Ala. 592, 39 Am. Dec. 307; Leese v. Clark, 29 Cal. 665; Powell v. Lawson, 49 Ga. 290; Clark v. Parkinson, 10 Allen (Mass.) 133, 87 Am. Dec. 628; Freeman on Executions (3d Ed.) § 475; Hagerman v. Heltzel, 21 Wash. 444, 58 P. 580.

"The difference between the last case cited and the cases of State ex rel. Hartman v. Superior Court, supra, and State ex rel. Montgomery v. Superior Court, supra, is that in the Hagerman case it was held that the writ could be executed against one who was a privy to the original parties to the suit; while in the other cases it was held that the writ could not be executed against parties in possession prior to the beginning of the action out of which the writ had issued and who were not made parties thereto.

"In the case now before us, the evidence not being here, there is nothing from which it could be inferred that the appellants or any of them, other than the parties named in the writ, were in possession at the time the action out of which the writ issued was commenced, and therefore the rule first stated can have no application." *State v. Frandsen, et al.,* 176 Wash. 558, 30 P. 2d 371.

██ In the instant case, we have the finding of the trial court to the effect that appellant was not in possession of the premises in suit and taking her position as true that she was a lessee of the Blanchards, she was in privity with those parties to the foreclosure

suit who stipulated that a decree of foreclosure might be entered.

Appellant's proposition of law, that, before a person may obtain a writ of assistance he must first exhibit his deed to and demand possession of the parties against whom he wishes to proceed, and then he must move the court for a writ of assistance, is not well taken for plaintiff is shown by the above quoted affidavit of Mr. Hedlund to have taken the course thus prescribed. Moreover, it appears that where the original decree of foreclosure directs that the purchaser at the execution sale shall be placed in possession of the premises, as in the case at bar, the necessity for exhibiting a deed is obviated.

The order from which this appeal has been taken is affirmed; and it is further ordered that plaintiff recover judgment of and from appellant Joan Gilliland and the surety upon her appeal bond for its costs and disbursements on appeal.

It is further ordered that this cause be remanded to the circuit court to determine the value of the use and occupation of the real property in suit from the time of the appeal until possession thereof shall be delivered to plaintiff and to render judgment therefor against appellant and her surety, New Amsterdam Casualty Company of New York, a corporation, not exceeding the sum of Seven Hundred and Fifty and no/100 Dollars ($750.00).